[Filed June 21, 1892.]

JOSEPH MANAUDAS *v* PETER MANN ET AL.

TRUSTS—NOTICE TO PURCHASER.— A party who, having knowledge of facts
and circumstances which impress a trust on land, whether express or
implied, acquires title thereto, takes the same charged with the trust, and
stands in no better position than a party to the trust.

STATUTE OF LIMITATIONS—TRUSTEE AND CESTUI QUE TRUST.— As between
trustee and *cestui que trust,* in the case of express trust, where the latter
seeks relief against the former, the statute of limitations has no applica-
tion, because, among other reasons, the law will not permit the trustee to
begin to hold adversely until he shall have first restored the property to
the real owner, and given notice of his own interest.

Baker county: JAMES A. FEE, Judge.

Plaintiff appeals.   Reversed.

The complaint is in substance as follows:—

First—That on the thirty-first day of December, 1877,
the defendant Peter Mann, for a valuable consideration,
executed to plaintiff his certain bond for a deed wherein
and whereby in consideration of the covenants and agree-
ments on the part of the plaintiff to be kept and performed,
he, the said Peter Mann, agreed and bound himself that
within three months from said date, plaintiff having first
performed his agreement to pay the said Mann three hun-
dred dollars, as by the said bond provided, to execute to

said Manaudas or his assignee a good and sufficient deed for all the following described real property, to wit, lot two in block two in Fisher's addition to Baker City, Oregon.

Second—That on the twenty-fifth day of March, 1878, plaintiff assigned the bond and all his rights thereunder, together with a large amount of other property, to S. A. Heilner & E. D. Cohn, which assignment, though absolute in form, was in truth and in fact a mortgage to said Heilner & Cohn, conditioned, among other things, that in case said Manaudas should pay or cause to be paid to said Heilner & Cohn the sum of one thousand nine hundred and eighty-one dollars and interest from March 26, 1878, or at any time before January 1, 1880, said assignment should be null and void, and said Heilner & Cohn should deed back all said property to plaintiff.

Third—That on March 26, 1878, and for a long time before, the defendant Peter Mann was and ever since has been fully cognizant of the terms of said assignment to said Heilner & Cohn, and knew that said assignment was in fact a mortgage conditioned as above, and at said time was and ever since has been fully apprised of and had full knowledge of all the term and conditions of said agreement.

Fourth—That on the said twenty-sixth day of March, 1878, said Peter Mann, in accordance with the terms of his bond to plaintiff, executed and delivered to said Heilner & Cohn a deed for said lot two in said Fisher's addition to Baker City, Oregon; that said deed, though absolute in form, was executed to and received by said Heilner & Cohn in trust for this plaintiff, and in accordance with the agreement between the plaintiff and said Heilner & Cohn concerning said assignment above set out, and that said Peter Mann was at said time informed and fully understood that said deed was made to said Heilner & Cohn in trust for the plaintiff, and the nature of the trust.

Fifth—That said defendants Peter Mann, S. A. Heilner, and E. D. Cohn, thereupon conspired and confederated

together for the purpose of defrauding this plaintiff out of said property, and on the nineteenth day of September, 1879, so conspiring and confederating together, and for said purpose, and when the time had not expired wherein the plaintiff might pay said Heilner & Cohn said one thousand nine hundred and eighty-one dollars and interest, said Heilner & Cohn executed to said Peter Mann a deed for all the following portion of said lot two in block two in Fisher's addition to Baker City, Oregon, to wit, commencing at the southwest corner of said lot number two; thence extending east one hundred feet; thence north twenty feet; thence west one hundred feet; thence south twenty feet to the place of beginning; that said deed was executed by said Heilner & Cohn to said Peter Mann without any authority on the part of said Heilner & Cohn to execute the same, and without the knowledge or consent of this plaintiff, and against plaintiff's wish and desire; that at the time of receiving said deed, said Peter Mann was fully aware of the terms upon which said Heilner & Cohn held said property, and that they were not authorized to sell it, and that said deed was executed against the plaintiff's wish, and without plaintiff's knowledge or consent; that in accordance with the terms of said contract, entered into March 26, 1878, between the plaintiff and said Heilner & Cohn, plaintiff duly paid and discharged said indebtedness of one thousand nine hundred and eighty-one dollars and interest from March 26, 1878, to said Heilner & Cohn, and demanded of them a deed for said lot two in block two in said Fisher's addition to Baker City, which deed the said Heilner & Cohn refused to execute; that thereupon said plaintiff brought suit to compel said Heilner & Cohn to execute said deed, and for an accounting against said Heilner & Cohn, and on June 11, 1885, by decree of the supreme court of the state of Oregon, in said suit, it was ordered and considered that said Heilner & Cohn execute to plaintiff a deed for said lot two, above described, upon plaintiff

paying said Heilner & Cohn the sum of six hundred and seventy-five dollars; that thereupon, and on the fourteenth day of November, 1885, plaintiff paid the said Heilner & Cohn the sum of six hundred and seventy-five dollars, and said Heilner & Cohn executed and delivered to said plaintiff a deed for said lot two in said block two, above described; that said E. D. Cohn died on or about the —— day of November, 1887; that said Peter Mann is now and ever since the nineteenth day of December, 1879, has been in the possession of said south twenty feet by said one hundred feet of said lot two in said block two, as above described, and had collected the rent therefor since said December 19, 1879, to the amount of five thousand six hundred dollars; wherefore, plaintiff prays for judgment and decree herein, that said Peter Mann be declared a trustee of the legal title of said property for plaintiff's use and benefit, and that the possession of said Mann of said property be declared to be as trustee for the plaintiff.

The defendant Mann demurred to the complaint for the reasons:— First, that the said complaint does not state facts sufficient to constitute a cause of suit against the defendant, Peter Mann; and, second, it appears upon the face of said complaint that said suit has not been commenced within the time limited by the code. The demurrer was sustained by the court, and a final decree entered dismissing suit and for costs, from which the plaintiff has appealed.

*John M. Gearin,* and *J. L. Rand,* for Appellant.

*T. H. Crawford,* for Respondents.

STRAHAN, C. J.—At the trial of this cause in this court, respondent's counsel argued both the grounds specified in his demurrer. Their examination, therefore, becomes necessary to a proper disposition of this case. In *Manaudas* v. *Heilner,* 12 Or. 335, much of the history of this controversy is noted. In that case, it appeared that the appellants Heilner & Cohn had sold the barber shop for six hundred

and seventy-five dollars.  It did not then appear, it seems, that the barber shop included lot two in block two in Fisher's addition; but inasmuch as the appellants had credited the plaintiff with six hundred and seventy-five dollars on their exhibits, he should not have the property back unless he paid the appellants that sum.  This adjudication fixed the amount that the appellant was to pay in order to be entitled to a re-conveyance of his property; and it is alleged in the complaint, and admitted by the demurrer, that he did pay to said Heilner & Cohn the said sum of six hundred and seventy-five dollars, on the fourteenth day of November, 1885, and that on that day they executed to plaintiff a deed for said premises.  If Heilner & Cohn had not, prior to that date, conveyed said property to Mann, the effect of their deed to the plaintiff would have been to restore to him his property.  It is now insisted that whatever title Heilner & Cohn had in said property had been transferred by them to the defendant; that their interest was six hundred and seventy-five dollars; that by their deed that interest was conveyed to Mann, and that sum must be paid to the defendant before the commencement of a suit against him; in other words, the payment of this money to him is a condition precedent to the plaintiff's right to be heard in a court of equity.  The defendant Mann, after he had performed his agreement with the plaintiff to convey this property to the plaintiff or his assigns, by actually conveying the same to Heilner & Cohn, had no further interest or concern in the business.  His connection with the transactions then properly terminated. If he thereafter interfered in the matter, he is in the same situation any other person would have been in who undertook to purchase of Heilner & Cohn what they had no right to sell or convey.

In this case, the defendant Mann took the deed from Heilner & Cohn with knowledge of all the facts and circumstances under which Heilner & Cohn held the same.

Whatever right he acquired under the deed was for the plaintiff's use and benefit, and he held simply as the trustee for the plaintiff. He has been in the possession of the property for a long time, receiving the rents and profits. It stands admitted on the record that the amount of the rents and profits which he has actually received exceeds five thousand dollars. In such case he is in no condition to demand the payment to him of this six hundred and seventy-five dollars before the plaintiff can have a standing in court. He already has a large amount of the plaintiff's money in his hands, for which he is liable to an account, and it does not appear to us that Mann is in a situation to demand the payment of this money. The first cause of demurrer is therefore not well taken.

The other objection presents the question whether or not the plaintiff's suit is barred by the statute of limitations. In determining this question, something depends on the character of the title to the property which Heilner & Cohn acquired and the capacity in which they held the same. It was not contended that they owned the property absolutely; but it is claimed by the plaintiff that the property in their hands constituted an express trust, while the defendants claim that the trust was only implied. "All possible trusts," says a learned American author, "whether of real or personal property, are separated by a principal line of division into two great classes — those created by the intentional act of some party having dominion over the property, done with a view to the creation of a trust, which are express trusts; those created by operation of law, where the acts of the parties may have no intentional reference to the existence of any trust — implied or resulting, and constructive trusts." (2 Pom. Eq. Jur. § 987.)

Without entering more minutely into a discussion of the various classifications of trusts, this most general division suffices for the present. The trust in this case was created by the intentional act of the plaintiff in

making the assignment to Heilner & Cohn, by means of which they were authorized to demand of Mann the conveyance of the legal title to the property, pursuant to the terms of his bond. The legal title, when thus acquired, was held by them in trust for the plaintiff under and pursuant to the express authority they had for its acquisition. When Mann took the title to this property from Heilner & Cohn, it was with full knowledge of the capacity in which they held it, and of the plaintiff's rights therein; and, therefore, he took it impressed and affected by the same trusts by which it was affected when Heilner & Cohn held it. The deed of Heilner & Cohn to Mann did not change or affect the rights of the parties in this property in any way except that by that conveyance Mann became the trustee instead of Heilner & Cohn.

Having said this much as to the nature of this trust, it remains to ascertain whether or not the plaintiff's rights are barred by the statute of limitations. This question was considered in *Decouche* v. *Sevetier*, 3 Johns. Ch. 190; 8 Am. Dec. 478, and it was there held that no time bars a direct trust as between the trustee and *cestui que trust*. The Chancellor added: "The settled rule is (and so it was recently declared by the Master of Rolls, in *Cholmondeley* v. *Clinton*, 2 Mer. 360,) that so long as the trust subsists, the right of the *cestui que trust* cannot be barred by the length of time during which he has been out of possession, and that he can only be barred by barring and excluding the estate of the trustee." So it was held in *Prevost* v. *Gratz*, 6 Wheat. 482, that, generally, length of time is no bar to a trust clearly established to have once existed; and where fraud is imputed and proved, length of time ought not to exclude relief. The principle is stated as elementary, that as between trustee and *cestui que trust* in the case of an express trust, the statute of limitations has no application, and no length of time is a bar. (2 Perry on Trusts, 863.) Many reasons might be given for this rule, but one seems entirely satisfactory to us.

The trustee holds in right of the *cestui que trust*, and the law will not permit him to begin to hold adversely until he shall first have returned the property to the real owner, and given notice of his own interest. As long as he holds in the right of the *cestui que trust*, his possession cannot be hostile or adverse.

These conclusions require a reversal of the decree, and it remains to make some suggestions as to the decree to be entered. The defendant stands in the shoes of Heilner & Cohn; and the plaintiff in the former litigation with them established his right to the relief which he seeks as against them, and we are not disposed to send the case back with leave to the defendant to answer generally. A decree will therefore be entered here that the defendant convey the property in controversy, by good and sufficient deed, to the plaintiff within sixty days after the entry of the decree in the court below; and that in default thereof, the decree operate to transfer the title and stand in lieu of such deed.

It does not appear from the complaint that Mann actually paid Heilner & Cohn the six hundred and seventy-five dollars; but if he did, he knew the property belonged to the plaintiff, and did so in his own wrong. If Mann paid to Heilner & Cohn the six hundred and seventy-five dollars, then they have received it twice,—once from the plaintiff under the order of this court, and once from Mann. We do not think Mann's conduct in these transactions put him in a favorable light, or recommend him to the favor of a court of equity. If he paid this money to Heilner & Cohn, he must pursue such remedy as the law affords, if any, to reclaim it from them.

The cause will be remanded to the court below, with the suggestion that the defendant Mann be permitted to answer in relation to the rents and profits he has received, and also as to the value of any improvements he may have placed upon the lot, taxes paid by him, etc.; that an account

be taken between the parties, and that the court make such further decree thereon as equity and justice shall require.

[On a rehearing of this case, the respondents were permitted to apply to the court below for leave to answer on condition that they deposit with the clerk there the sum of six hundred and seventy-five dollars and interest thereon since the payment thereof to Heilner & Cohn by the appellant, the same to remain on deposit there until otherwise disposed of by order of the court below.— REPORTER.]