Argued April 13, affirmed April 29, 1927.

CORA GOODRICH, ADMINISTRATRIX, *v.* PAUL H. MAY ET AL.

(255 Pac. 464.)

**Evidence—Where Automobile Wheel was Introduced, Expert Testimony Regarding Which Car Struck the Other, as Shown by Scratches on Wheel, Held Properly Excluded.**

1. Where automobile was introduced in evidence, and jurors had opportunity of observing scratches on its spokes and other ways in which it was damaged, expert testimony of traffic officer as to which car struck the other, as shown by wheel, *held* properly excluded, since no question of science, art or technical learning was involved, but it was simply matter of applying well-known natural laws, of which jurors had more or less knowledge.

**Evidence—Expert Testimony Should be Received Only Where Subject Matter is Complicated and Embraces Matters not of Common Knowledge.**

2. Expert testimony should be received only where subject matter is complicated and embraces matters not of common knowledge.

**Evidence—That Witness is More Experienced Than Jurors Does not of Itself Justify Expert Testimony.**

3. That witness may have been more skilled and experienced than jurors does not of itself justify expert testimony.

Evidence, 22 C. J., p. 499, n. 99, p. 642, n. 51.

From Multnomah: ROBERT TUCKER, Judge.

Department 2.

Plaintiff, as administratrix of the estate of Edward Goodrich, deceased, commenced this action to recover damages resulting from an automobile accident alleged to have been caused through the negligence of defendants. Edward Goodrich, on July 1, 1924, was driving his Ford automobile on the Pacific Highway near Salem, in a northerly direction, and, it is alleged, on the right side of the pavement. Defendants, Paul

2. See 11 R. C. L. 591.
3. See 11 R. C. L. 593.

H. May and his wife, Constance May, also driving a Ford car, approached from the rear.

It is charged that the defendants, in endeavoring to pass the automobile driven by Goodrich, cut in too close and the right rear wheel of the automobile in which they were riding struck the hub of the left front wheel of the Goodrich car causing it to swerve off the highway and to upset and that, as a result thereof, Goodrich sustained injuries from which he died. Defendants, by their answer, denied negligence and, as an affirmative defense, in substance alleged that the death of Goodrich was solely and wholly the result of his own negligence in failing to move from the center of the highway to the right thereof after proper passing signals had been given by defendants, and in that he carelessly and negligently steered his automobile into defendants' car at the time it was undertaking to pass. The cause was submitted to a jury and a verdict was returned for plaintiff. Defendants, Paul H. May and his wife, appeal from the judgment entered against them.    AFFIRMED.

For appellants there was a brief over the name of *Messrs. Ridgway, Johnson & Montgomery,* with an oral argument by *Mr. Hugh S. Montgomery.*

For respondent there was a brief over the name of *Messrs. Senn & Recken,* with an oral argument by *Mr. Frank S. Senn.*

BELT, J.—The sole question for consideration is whether the court erred in sustaining an objection to the following hypothetical question asked of Captain Lewis of the Portland Police Department:

"Q. Now, Captain, it appears from the evidence introduced upon the trial of this case that a car op-

erated by the defendant Paul H. May had the right rear wheel damaged to the extent of a scratch on one spoke, a splintering of the spoke to the left of the one first scratched and a scratching of the spoke to the left of the one splintered, both of which scratches are close to the rim where the spoke enters the rim. Based on that evidence and on your experience in the investigation of automobile accidents, I will ask you whether or not, in your opinion, the injury which I have described to the said wheel could have been caused by that wheel being turned in a right-hand direction from the direction in which it was traveling against another car or wheel traveling in the same direction?''

Prior to the above question, evidence was offered to show that the witness, as an officer in the traffic department of the City of Portland, had many years of experience in investigating the cause of automobile collisions; that he had examined the wheel in question and that it was in the same condition as at the time of the accident. Evidence had been introduced on behalf of the plaintiff tending to establish negligence as averred in the complaint. To refute the same and to show that defendants' automobile did not strike the Goodrich car, counsel for appellants asserts the above question was asked.

1, 2. We are of opinion that this was not a proper subject for expert testimony. The wheel in question was introduced in evidence and the jurors had the opportunity of observing the scratches upon its spokes and any other way in which it was damaged. They were in a position to draw a reasonable inference therefrom as to which car struck the other. It was a matter not beyond the range of their common experience and there was no occasion to resort to expert testimony. Such evidence should be received

only where the subject matter is complicated and embraces matters not of common knowledge. No question of science, art or technical learning was involved. It was simply a matter of applying well-known natural laws of which the jurors had more or less knowledge. As stated in *Commonwealth* v. *Sturtivant,* 117 Mass. 122 (19 Am. Rep. 401):

"Suppose the panel of a carriage door is broken in by a collision; different appearances would follow from a horizontal blow delivered at right angles, than from a blow from the front or rear, from above or below. Such appearances the common observer can detect, some more accurately and clearly than others, but it is presumed to be within the power of all; and the opinion of an expert who has experimented by blows on similar surfaces, and is learned in the law of forces, is not necessary or required. If the panel itself is introduced to the jury, they are competent and able to decide the question."

3. The fact that the witness may have been more skilled and experienced than the jurors does not of itself justify expert testimony. In 11 R. C. L. 593 it is said:

"It is not sufficient to warrant the introduction of expert evidence that the witness may know more of the subject of inquiry, and may better comprehend and appreciate it than the jury. The jurors may have less skill and experience than the witnesses and yet have enough to draw their own conclusions and do justice between the parties."

Also see *Fisher* v. *Oregon S. L. etc. Ry. Co.,* 22 Or. 533 (30 Pac. 422, 16 L. R. A. 519), wherein Chief Justice SHAW, in *Northeastern Glass Co.* v. *Lovell,* 7 Cush. (Mass.) 319, is thus quoted:

"It is not because a man has a reputation of superior sagacity and judgment and power of reason-

ing, that his testimony is admissible; if so, such men might be called in all cases and advise the jury, and it would change the mode of trial; but it is because a man's professional pursuits require peculiar skill and knowledge in some department of science not common to men in general, which enables him to draw an inference, when men of common experience, after all the facts proved, would be left in the dark.''

No error was committed by the trial court. It follows that the judgment is affirmed.    AFFIRMED.

BURNETT, C. J., and BEAN and BROWN, JJ., concur.