Submitted on record and briefs March 29, affirmed as to dismissal of claim for charge of termination fee; otherwise reversed and remanded August 24, 1988

CONDON et al,
*Appellants,*

*v.*

BANK OF CALIFORNIA, N.A.,
*Respondent.*

(A8501-00682; CA A45027)

759 P2d 1137

Kenneth John Condon, Portland, filed the briefs *pro se* for himself and as counsel for remaining appellants.

Kurt L. Maul, and Hampson, Bayless, Murphy & Stiner filed the brief for respondent.

Before Warden, Presiding Judge, and Graber, Judge, and Riggs, Judge pro tempore.

RIGGS, J. pro tempore.

**RIGGS, J., pro tempore.**

Plaintiffs appeal from an ORCP 67B judgment. They challenge trial court orders that granted defendant's ORCP 21 motions to dismiss certain claims from their second and third amended complaints. We affirm in part and reverse in part.

Plaintiffs are four of the five beneficiaries of a trust, and defendant is the trustee. Plaintiffs seek damages for defendant's alleged negligent breach of fiduciary duty and, under ORS 128.051, a refund of excessive fees allegedly charged by defendant.[1] The trial court granted defendant's ORCP 21A motion to dismiss the negligence claim on the basis that the action was not commenced within the time allowed by statute. The trial court also granted defendant's ORCP 21E motion to strike the statutory claim on the basis that, because plaintiffs had alleged the same claim in an earlier complaint and the court had ordered it stricken, it was a sham, frivolous or irrelevant pleading. Plaintiffs assign error to those rulings.

■　　However, before we consider those assignments, we first address defendant's cross-assignment of error. *Booras v. Uyeda,* 295 Or 181, 189, 666 P2d 791 (1983). Defendant contends that the trial court erred in not dismissing the case under ORCP 29A for failure to join the fifth beneficiary as a necessary party.[2] We disagree. The named plaintiffs are only seeking damages that they allegedly suffered as a result of defendant's negligent conduct. They are not seeking to alter the trust in any way that potentially would damage the fifth beneficiary's interest in the trust. We therefore conclude that the fifth beneficiary is not a necessary party under ORCP 29A. *See Hatcher v. U. S. Nat'l Bank,* 56 Or App 643, 650, 643

---

[1] Plaintiff filed five amended complaints alleging various claims for relief. This appeal concerns only the dismissal of claims from the second and third amended complaints.

[2] ORCP 29A provides, in pertinent part:

"A person who is subject to service of process shall be joined as a party in the action if (1) in that person's absence complete relief cannot be accorded among those already parties, or (2) that person claims an interest relating to the subject of the action and is so situated that the disposition in that person's absence may (a) as a practical matter impair or impede the person's ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of their claimed interest."

P2d 359, *rev den* 293 Or 373 (1982); *but see Wood v. Honeyman,* 178 Or 484, 538, 169 P2d 131 (1946).

Plaintiffs alleged that defendant violated its fiduciary duty by negligently mismanaging an office building that is an asset of the trust. The trial court apparently agreed with defendant's contention that the two year limitation period, ORS 12.110, began to run on the occurrence of the alleged negligence. Plaintiffs disagree and contend, alternatively, that the claim did not accrue until either the trust relationship had terminated or until plaintiffs did or should have discovered the facts giving rise to their claims.

No Oregon case has addressed the issue of whether the Statute of Limitations begins to run at the time that negligence in administering the trust assets was or reasonably should have been discovered.[3] Generally, however, the so-called "discovery" rule has been applied to those situations. *See* Bogert, *Trusts and Trustees* § 951, 550-53 (2d rev ed 1982), and cases cited therein. Bogert states:

> "If the trustee violates one or more of his obligations to the beneficiary, or by other words or conduct denies that there is a trust and claims the trust property as his own, there obviously is a cause of action in favor of the beneficiary and any relevant Statute of Limitations will apply from the date when the beneficiary knew of the breach or repudiation, or by the exercise of reasonable skill and diligence could have learned of it.

> "If the beneficiary does not learn of the breach or repudiation because the trustee, by fraud, concealment, or other wrongful conduct, keeps the beneficiary in ignorance of the situation, clearly the Statute of Limitations should not run." § 951, 550-53.

■ We perceive no sound policy reasons for a different rule to a beneficiary's claim that the trustee negligently administered the trust assets. Because a trustee's negligence in performing its duties is not inherently discoverable upon its occurrence, the limitation period should not necessarily begin

---

[3] Plaintiffs argue that the Statute of Limitations does not apply to this case, relying on *Manaudus v. Mann,* 22 Or 525, 30 P 422 (1892). That case, however, is clearly distinguishable on its facts, as are later Oregon cases stating the same proposition. *See, e.g., Baillie v. Columbia Gold Min. Co.,* 86 Or 1, 166 P 965, 167 P 1167 (1917); *Raymond v. Flavel,* 27 Or 219, 40 P 158 (1895).

to run when the undiscovered negligence occurred. *See Workman v. Rajneesh Foundation International,* 84 Or App 226, 230, 733 P2d 908, *rev den* 303 Or 700 (1987). On the other hand, to hold that the Statute of Limitations begins to run on such claims only when the trust relationship ends could encourage beneficiaries to exercise less than reasonable diligence in investigating possible negligence in the management of a trust. We hold that the Statute of Limitations does not begin to run until the beneficiary knows, or reasonably should know, that he was damaged by the trustee's alleged negligence.

■　　　In reviewing an ORCP 21 motion to dismiss, we accept as true the facts alleged in the complaint. *Sommerfeldt v. Trammell,* 74 Or App 183, 187, 702 P2d 430 (1985). Plaintiffs specifically alleged that, beginning in 1979, defendant failed to investigate and challenge the assessed value of the property and to enforce certain provisions of leases with tenants who occupied the building. They also alleged that they did not know and could not reasonably have discovered defendant's alleged negligence more than two years before the action was filed. The trial court therefore erred in dismissing the claim.

■　　　Plaintiffs also sought relief under ORS 128.051, which provides:

> "On petition of an interested person, after notice to all interested persons, the propriety of employment of any person by a trustee including any attorney, auditor, investment advisor or other specialized agent or assistant, the reasonableness of the compensation of any person so employed, or the reasonableness of the compensation determined by the trustee for the trustee's own services, may be reviewed by the court. Any person who has received excessive compensation from a trust for services rendered may be ordered to make appropriate refunds."

Plaintiffs essentially alleged that the fees charged by defendant to administer the trust were excessive and unreasonable. Plaintiffs stated a claim under ORS 128.051, and the trial court erred by striking it.

■　　　Plaintiffs also alleged that defendant should not be allowed to charge a termination fee, *if and when* defendant is discharged as trustee. Plaintiffs did *not* allege that defendant had been discharged and had actually charged a termination

fee. The trial court, therefore, did not err in dismissing that claim.

Affirmed as to dismissal of claim for charge of termination fee; otherwise reversed and remanded.