Argued and submitted February 26, affirmed on appeal; reversed and remanded on cross-appeal May 13, reconsideration denied September 30, petition for review denied October 27, 1992 (314 Or 573)

Thomas McDONALD
and William McDonald,
*Appellants - Cross-Respondents,*

*v.*

UNITED STATES NATIONAL BANK
OF OREGON,
*Respondent - Cross-Appellant.*

(A8811-06347; CA A66109)

830 P2d 618

Randall Vogt, Portland, argued the cause for appellants - cross-respondents. With him on the briefs was Parker & Vogt, Portland.

William H. Walters, Portland, argued the cause for respondent - cross-appellant. With him on the briefs were Peter C. Richter and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiffs appeal a judgment on a directed verdict that dismissed their negligence claim against defendant, ORCP 60, and defendant cross-appeals the denial of its request for reimbursement of attorney fees. We affirm on the appeal and reverse on the cross-appeal.

Plaintiffs were beneficiaries of a trust administered by defendant. The trust owned real property about which the City of Depoe Bay and Lincoln County conducted land use planning hearings in 1982 and 1983. Defendant did not tell plaintiffs about the hearings. As a result of the hearings, the property was removed from the Urban Growth Boundary (UGB) and was subsequently down-zoned. In 1985, defendant distributed the property to plaintiffs. Plaintiffs filed this action in 1988, alleging that defendant was negligent in the administration of the trust and that, as a result, the property decreased in value. At trial, defendant moved for a directed verdict on the ground that the action was barred by ORS 12.110(1), the two year Statute of Limitations. The court granted the motion for directed verdict.

Plaintiffs assert that the trial court erred by ruling that their action was barred by the limitation. They argue that they were unaware of their injuries and who caused them before 1988. They rely on *Duyck v. Tualatin Valley Irrigation Dist.*, 304 Or 151, 742 P2d 1176 (1987), in support of the proposition that, under such circumstances, the statute did not begin to run until 1988 and, therefore, their action was filed timely.

■ A moving party is entitled to a directed verdict under ORCP 60 when there is insufficient evidence to sustain a claim or a defense as a matter of law. *Holmes v. Oregon Assn Credit Mgmt*, 52 Or App 551, 558, 628 P2d 1264, *rev den* 271 Or 771 (1981). We view the evidence in the light most favorable to plaintiffs, giving them the benefit of every reasonable inference that may be drawn therefrom. *Bodin v. B. & L. Furniture*, 42 Or App 731, 733, 601 P2d 848 (1979).

■ The Statute of Limitations was triggered when plaintiffs knew, or should have known, that the property had diminished in value as a result of defendant's alleged culpability. *See Condon v. Bank of California*, 92 Or App 691,

695, 759 P2d 1137 (1988). At trial, plaintiff Tom McDonald testified that, in 1983, he learned that the property had been taken out of the UGB and that, by June, 1985, he knew that he had sustained damages as a result of that action. He also testified that he believed that defendant was supposed to have been monitoring land use planning matters that might affect the property. In the light of the testimony that at least one plaintiff knew in 1985 that both of them had been injured, and that defendant's inaction allegedly caused the injuries, there is insufficient evidence to support their argument that the statute did not start to run until 1988. Accordingly, the trial court did not err by granting defendant's motion for a directed verdict.

■       In their cross-appeal, defendant asserts that the trial court erred when it denied without explanation defendant's request for reimbursement for attorney fees. Defendant argues that, under ORS chapter 128, it is entitled to recover from the trust costs and attorney fees incurred in defending against plaintiffs' action. Plaintiffs respond that their claim was for negligence and not for breach of a fiduciary duty and, therefore, that ORS chapter 128 is inapplicable.

ORS chapter 128 generally governs all conduct of Oregon trustees and applies to this case, because plaintiffs' claim concerns defendant's conduct as a trustee. ORS 128.009(3)(z) authorizes a trustee to *"defend actions, claims or proceedings for the protection of * * * the trustee in the performance of duties."* (Emphasis supplied.) Because the defense of an action necessarily involves the employment of legal advisors, *see* ORS 128.009(3)(x), it follows that ORS chapter 128 authorizes the trust to reimburse the trustee for attorney fees incurred when the trustee is required to defend an allegation that it was negligent in the performance of its duties. Because the court did not explain why it denied defendant's request, we cannot tell whether it thought that it did not have the authority to order reimbursement or that, in the exercise of its discretion, defendant was not entitled to recover the fees. Accordingly, we remand for reconsideration of the request for reimbursement of attorney fees.[1]

---

[1] Before the adoption of ORS 128.003 *et seq* (Uniform Trustees Power Act), a trustee was entitled to reimbursement from the trust for reasonable and necessary expenses incurred by it in the proper discharge of its duties as trustee. *See Gorger*

Affirmed on appeal; reversed and remanded on cross-appeal.

---

*and Gorger*, 276 Or 267, 289, 555 P2d 1 (1976). We find no evidence that the legislature intended to change that rule when it adopted the Act.