**DAB ASSOCIATES, et al., Plaintiffs,**

v.

**David BAKST and Robert Bakst, Individually and as Trustee U/W Ruth Bakst, Defendants.**

**No. 1:87–CV–2240–RHH.**

United States District Court, N.D. Georgia, Atlanta Division.

March 11, 1988.

Glenn A. Delk, Robert Elwood Stagg, Jr., Churchill & Ferguson, Atlanta, Ga., for plaintiffs.

Terrence Lee Croft and Charles Wilson Dubose, Griffin, Cochrane Marshall & Elger, Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

This breach of contract action arises from the alleged failure of defendants to abide by the terms of the operative partnership agreement of DAB Associates ("DAB"). The case is currently before this court on defendants' motion to dismiss for lack of subject matter jurisdiction, personal jurisdiction and improper venue.

### FACTS

The individual plaintiffs consist of the mother, father and children of the same family. Defendant David A. Bakst is the father of plaintiff Alvin Bakst and defendant Robert L. Bakst.

Originally, David and Ruth Bakst formed DAB with their sons Alvin and Robert Bakst, as an estate planning device for David and Ruth. They formed the partnership in February 1970 pursuant to a written partnership agreement.

According to the complaint, the parties agreed to contribute certain property, including real estate, stocks and bonds to the partnership. Defendant David Bakst allegedly agreed to deposit the sum of $90,000.00 in the partnership account. The complaint alleges that the property originally owned by the partnership and contributed by the parties consisted of real property located in New York City as well as marketable stocks and bonds. Plaintiffs allege that the intent of the parties in establishing the partnership was to provide for retirement income for David Bakst and Ruth Bakst and to shelter the maximum amount of income from federal and state estate taxes.

Plaintiffs allege that the partnership interests were originally divided equally, with David A. Bakst and Ruth Bakst jointly

having a one-third interest. At some time after February 2, 1970, plaintiffs allege that Alvin Bakst purchased the interest of defendant Robert Bakst. In addition, plaintiffs allege that Alvin Bakst transferred a certain percentage of his partnership interest to his wife, Ellen Bakst, as trustee. Plaintiffs allege that David Bakst has periodically made gifts of a certain amount of interest. Plaintiffs allege that through gifts to certain of the plaintiffs, David and Ruth Bakst completely and irrevocably transferred all but 6.31% of their interest in the partnership.

Plaintiffs allege that contrary to the terms and conditions of the partnership agreement, David Bakst did not contribute in 1970, and has never contributed, the $90,000.00 original capital allegedly required by the agreement to be contributed by him.

Plaintiffs allege that Alvin Bakst, during the period of time from 1970 until 1972, paid legal expenses incurred by the partnership which they allege was reasonable and necessary expenses which benefitted all partners. Plaintiffs allege that Alvin Bakst has contributed $250,000.00 to the partnership in order to repay certain loans made to DAB from various third-party lending institutions they allege were necessary to pay the partnerships expenses.

Plaintiffs allege that defendant David Bakst has maintained possession of the marketable stocks and bonds of DAB throughout its existence and has received all income and dividends from these securities without rendering any accounting to the partnership.

In 1986, while residing in Florida, Ruth Bakst died. Robert Bakst is purportedly the trustee of the Trust established under the Will of Ruth Bakst. As Trustee, Robert Bakst has control of the Trust's assets. Plaintiffs contend that the stocks listed as assets of the trust include all of the stocks plaintiffs allege are owned by DAB and which plaintiffs contend should continue to be held by Ruth and David Bakst as DAB's nominee.

In September 1987, the defendants in this case filed a lawsuit in Ohio state court asserting what plaintiffs describe as "similar claims to those asserted by plaintiffs in this litigation."

The parties do not dispute that both defendants reside in Ohio.

Plaintiffs filed an Amended Complaint with their Response to Defendants' Motion. For purpose of this order, the court will consider the complaint as amended. Defendants have moved to dismiss the amended complaint. Defendants have not filed a response to this second motion.

## DISCUSSION

Defendants cite three grounds why the court should grant their motion to dismiss: (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; and (3) improper venue. As the court finds that it lacks subject matter jurisdiction over this case because of the lack of complete diversity of citizenship, the court does not address defendants' alternative grounds for dismissal.

Title 28 U.S.C. § 1332 which provides the statutory basis of jurisdiction based on diversity of citizenship provides in pertinent part:

(a) The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

(1) citizens of different states;

. . . .

Here, defendants contend that DAB is a partnership whose citizenship is determined by that of each of its parties. Because at least one partner of DAB is a defendant in this action, defendants contend that the case lacks complete diversity for purposes of § 1332. Plaintiffs counter that a partnership is not a "jural person" for purposes of diversity jurisdiction and that the court should look to the citizenship of only the plaintiff partners to determine the citizenship of the plaintiff partnership. The parties have correctly identified the guiding principles of determining diversity jurisdiction where a partnership is a party in interest.

■ The parties agree that *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), stands for the proposition that, for diversity jurisdiction to attach, all parties on one side of litigation must be of different citizenship from all those on the other. There must be complete diversity. The parties agree that a partnership is a citizen of each of the states in which its partners are citizens. *United Steel Workers of America v. R.H. Bonligny, Inc.*, 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965); *See also Village Fair Shopping Center Co. v. Broadhead*, 588 F.2d 431 (5th Cir.1979). The parties also agree that a partnership is not a "jural person" for purposes of diversity jurisdiction, even when it has the capacity to sue or be sued in the partnership name. *Calagaz v. Calhoon*, 309 F.2d 248 (5th Cir.1962). The parties differ, however, on the application of these principles to the facts as alleged in this case.

Plaintiffs rely primarily on *Gore v. Stenson*, 616 F.Supp. 895 (S.D.Tex.1984). In that case, the court considered a lawsuit originally filed in Texas State Court by a Texas resident, a limited partner in a Texas partnership, against the Texas partner ship and its general partner, a Georgia resident. Upon removal to federal district court, plaintiff in her attempt to defeat diversity jurisdiction argued that diversity was destroyed because the partnership was a Texas partnership defendant for two reasons: "(1) that diversity is destroyed because the partnership was organized under the laws of the State of Texas and is therefore a Texas citizen, and (2) that diversity is destroyed because the courts, in applying Supreme Court precedent, look to membership of unincorporated associations to determine if diversity jurisdiction obtains; hence, since plaintiff is a Texas citizen and the sole limited partner, diversity is destroyed." *Id.* at 899.

The court relying on extensive precedent there rejected plaintiff's first contention reiterating that unincorporated associations are not jural persons for purposes of diversity jurisdiction, even when they have the capacity to sue or to be sued in the association name. *Id.* at 899–900. *See United States v. R.H. Bouligny*, 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965); *Southern Fireproof Hotel, Co. v. Jones*, 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842 (1900); *Chapman v. Barney*, 129 U.S. 677, 9 S.Ct. 426, 32 L.Ed. 800 (1889).

In response to plaintiff's second contention there, the court ruled that plaintiff could not "assert her own Texas citizenship as the sole limited partner, thereby aligning herself as a defendant and destroying diversity. In this light, her claim becomes one against the sole general partner, whose domicile is Georgia." *Gore v. Stenson*, 616 F.Supp. at 900. The court found that diversity existed.

The *Stenson* court's disposition of that plaintiff's second contention is the only holding relevant here. This court finds the *Stenson* case legally unpersuasive in resolving the issue in the instant case. *Stenson* is persuasive authority, if at all, only to the extent of its particular facts. *Stenson* primarily concerned preventing a plaintiff from defeating diversity jurisdiction by adding a partnership as a defendant along with an individual partner defendant from another state. Here, plaintiffs have chosen to include DAB as a plaintiff and have chosen to make David A. Bakst an adverse party of the partnership to which he belongs.

Moreover, *Stenson* is distinguishable in that defendant Robert L. Bakst is not a partner of DAB. Defendants argue that regardless of whether David Bakst can successfully assert that his Ohio residence precludes the partnership from bringing a diversity action against him in Georgia, Robert Bakst, a non-partner, can rely on the fact that his father and co-defendant is a partner of the plaintiff partnership and therefore defeat jurisdiction for lack of complete diversity. The court agrees that *Stenson* is not controlling of this question.

■ The court finds that, under the facts of this case, complete diversity does not exist between the parties. *U.S. Postal Service v. American Postal Workers Union*, 564 F.Supp. 545, 547 (S.D.N.Y.1983) (no diversity between union member and

her union); *Cocklereece v. Moran,* 532 F.Supp. 519, 525 n. 8 (N.D.Ga.1982) (Freeman, J.) (no diversity where several of defendant's partners were residents of same state as plaintiff); *Coopers & Lybrand v. Cocklereece,* 506 F.Supp. 587, 589 (S.D.N.Y.1981) (case remanded to state court for lack of diversity where plaintiff partnership included partners, several of whom were citizens of the same states as defendants). *See also* Wright and Miller, Federal Practice and Procedure: Civil § 1861, § 3630. DAB is not a "jural person" for diversity purposes, regardless of its ability to sue or be sued.[1] This means, of course, that DAB has no citizenship as an entity separate from that of its partners based on the entity's location or contractual situs of organization. *See Calagaz* 309 F.2d at 251–52; *Great Southern Fireproof,* 177 U.S. at 456, 20 S.Ct. at 693. DAB's citizenship is determined by the citizenship of lack of its partners. *R.H. Bouligny supra.* Defendant David A. Bakst is undisputedly a partner and a citizen of Ohio. Defendant Robert L. Bakst is a non-partner and also a citizen of Ohio. Where the partnership sues a non-partner who resides in the same state as a partner, diversity jurisdiction is defeated. It makes no difference to the diversity determination that the partner is also a defendant.[2]

## CONCLUSION

The court GRANTS defendants motion to dismiss for lack of subject matter jurisdiction based on lack of diversity between the parties. This action terminates the case.

---

1. DAB's capacity as a litigant is not contested for the purposes of this motion.

2. Plaintiffs urge that the import of such a holding is that there could never be diversity jurisdiction the case of a dispute between an unincorporated association and any or all of its members. This court's need not reach that issue here because of the existence of defendant Robert L. Bakst, a non-partner who is also a citizen of Ohio. Nevertheless, the same logic likely would apply.