**DM II, LTD., et al., Plaintiffs,**

v.

**HOSPITAL CORPORATION OF AMERICA, et al., Defendants.**

Civ. A. No. 1:86–CV–0962–JOF.

United States District Court, N.D. Georgia.

July 3, 1989.

Thomas T. Tate, Andersen & Tate, Lawrenceville, Ga., Joseph R. Manning, Morris, Manning & Martin, Gerald L. Pouncey, Jr., East Tower, Atlanta, Ga., for plaintiffs.

Michael A. Doyle, Mary C. Gill, Franklin Ross Nix, Julia Perkins Sams, Alston & Bird, Samuel R. Pierce, Benny Carman Priest, Drew, Eckl & Farnham, Atlanta, Ga., for defendants.

Thomas T. Tate, Joseph R. Manning, Gerald L. Pouncey, Jr., Atlanta, Ga., for intervenors.

### ORDER

FORRESTER, District Judge.

This matter is before the court on defendants' motions to dismiss, Fed.R.Civ.P. 12(b)(1), (7); 17(a), (b); 19; and for leave to file post-argument briefs. Local Rule 220–1(b)(2).

## I. STATEMENT OF FACTS.

This is an action for equitable relief[1] brought by an assortment of Georgia corporations against two Tennessee corporations for breach of fiduciary duties. These duties are alleged to exist by virtue of the parties' relationships in connection with their joint ownership of real property located in Columbus, Georgia. As to the ownership of this property, the parties are tenants in common. Less clear, however, is the nature of the parties' relationship in connection with the ownership and operation of Doctors Hospital which is located upon this property. It is plaintiffs' contention that they and defendants are partners in the ownership and operation of Doctors Hospital and that the existence of this partnership imposed certain fiduciary duties on each partner. Plaintiffs further contend that defendants breached duties owed to their partners by establishing a competing hospital in the Columbus area. By this action, plaintiffs seek an accounting of the profits earned by defendants at the expense of Doctors Hospital and the imposition of a constructive trust upon these funds or their proceeds. Defendants seek dismissal on the grounds that plaintiffs have failed to prosecute this action in the name of the real party in interest and for failure to join indispensable parties. The court will identify and address the issues raised by defendants' motion *seriatim*.

## II. CONCLUSIONS OF LAW.

By their motions for leave to file a post-argument brief, defendants seek only to address issues raised by the court at oral argument and to provide information relating to the parallel action presently pending in the Superior Court of Muscogee County, Georgia. For this reason and for other good cause shown, defendants' motions are

---

1. Plaintiffs originally sought damages in tort for conversion and tortious interference with employment relations. These claims have been dropped and only claims for equitable relief remain.

GRANTED and the court shall consider their post-argument briefs in passing on the motion to dismiss.

## A. *Is There A Partnership?*

 The threshold question presented by defendants' motion concerns the nature of the parties' relationship in connection with the ownership and operation of Doctors Hospital. As just stated, plaintiffs contend a partnership exists. The court agrees. Georgia law defines a partnership as (1) an association of two or more persons (2) to carry on as co-owners (3) of a business for profit. O.C.G.A. § 14–8–6(a). All three elements appear to be present here. The parties clearly constitute an unincorporated association and each has an ownership interest in Doctors Hospital and the property on which it is located. Finally, there can be no doubt that Doctors Hospital is operated by the parties as a business for profit. It is this latter element which distinguishes the partnership from the passive co-ownership of property; i.e., joint tenancy, tenancy in common, etc. *See id.*, Note to Uniform Partnership Act. Accordingly, the court concludes that a partnership was formed and presently exists for the purpose of operating Doctors Hospital and that the parties together with several persons not joined in this action are members of this partnership.[2]

## B. *Is The Partnership The Real Party In Interest?*

### (1) Fed.R.Civ.P. 17(a).

 Rule 17(a) requires that every action be prosecuted in the name of the real party in interest; i.e., in the name of the party who, by the controlling substantive law, has the right sought to be enforced. *United States v. 936.71 Acres of Land,* 418 F.2d 551, 556 (5th Cir.1969). Thus, while a real party in interest analysis is a matter of federal procedure, reference must be made to state substantive law to identify the true owner of the legal interest at issue. *Id.; New Orleans Pub. Serv., Inc. v. United Gas Pipeline Co.,* 732 F.2d 452 (5th Cir. 1984). In the case at bar, defendants argue that the Doctors Hospital partnership is the real party in interest to this action. In support of this argument, defendants show the court that plaintiffs represent but a portion of the partners alleged to have been harmed by defendants' conduct. It is defendants' position that under the controlling state substantive law, the claims asserted by plaintiffs belong to the partnership as a whole and thus must be brought by the partnership or by each partner in a single action. Plaintiffs, on the other hand, contend that the claims belong to each partner and therefore may be asserted individually or jointly. Thus, resolution of this issue depends on whether under the applicable Georgia law, the right to pursue this action is vested in the Doctors Hospital partnership or in each partner individually.

The answer to this question is found in the Georgia Partnership Act, O.C.G.A. § 14–8–1, *et seq.* Under § 14–8–21(a) of the Act, each partner is required to "account to the partnership for any benefit and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of any property." In addition, any partner may bring an action against another to enforce this provision. O.C.G.A. § 14–8–22(3).

In the case at hand, plaintiffs seek an accounting and imposition of a constructive trust on profits derived by defendants through wrongful competition with the partnership business. Because wrongful competition gives rise to an action for breach of fiduciary duties akin to wrongful conversion of partnership assets,[3] the court

---

**2.** More accurately, defendant Hospital Corporation of America (HCA) is not a partner. It is joined as a defendant to this action by virtue of its ownership of defendant General Care Corporation (GCC). Defendant GCC is a partner. For convenience, they will be referred to collectively as partners.

**3.** A partner's share of partnership profits is considered personal property under the act. O.C. G.A. § 14–8–22.

finds § 14–8–21(a) sufficiently broad to cover such actions. In addition, because § 14–8–22 provides a cause of action to enforce § 14–8–21 to "any partner," the court finds that the controlling substantive law vests the right of action in each partner independent of the partnership. The court therefore concludes that each partner is a real party in interest to this action and that Rule 17 does not require dismissal in this instance.

### C. Is The Partnership A Person Who Should Be Joined Under Rule 19(a)?

As a general proposition, all persons materially interested in the result of a suit ought to be made parties so that the court may do complete justice. *National Labor Relations Board v. Plasterers' Local Union No. 79*, 404 U.S. 116, 129–30 n. 24, 92 S.Ct. 360, 368–69 n. 24, 30 L.Ed.2d 312 (1971). Before the failure to join such a person will prove fatal to the action, however, it must be determined that he is indispensable to the litigation. Rule 19 establishes a two-part test for determining whether a party is indispensable. First, the court must ascertain (1) if in the party's absence complete relief cannot be accorded among those already parties, or (2) if the absent party possesses an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may impede his ability to protect that interest or leave any party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations. Fed.R.Civ.P. 19(a). If so, the person should be joined if feasible. *Id.* If the person should be joined but cannot be; e.g., as where joinder would destroy subject matter jurisdiction, then the court must ascertain under the standards of Rule 19(b) whether the litigation should be allowed to continue.

As just noted, subsection (a) of Rule 19 requires that persons whose joinder is desirable from the standpoint of complete adjudication and elimination of re-litigation be joined where feasible. *Tick v. Cohen*, 787 F.2d 1490, 1493–94 (11th Cir.1986). The court finds that the non-party partners meet the standards of Rule 19(a) because their absence from this action impedes their ability to protect their obvious interest in the action and leaves defendants subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. First, there can be no doubt that the absent partners possess claims against defendants identical to those currently asserted by plaintiffs. While any judgment in defendants' favor would not be binding on the absent partners, it would create doubt as to the validity of their claims and would constitute adverse precedent. *See Doty v. St. Mary Parish Land Company*, 598 F.2d 885, 887 (5th Cir.1979); *Read v. Phillips Petroleum Co.*, 441 F.Supp. 1184, 1186 (E.D.La.1977). Second, regardless of whether he possesses a material interest in pending litigation, a party not before the court cannot be bound by any judgment rendered. As the Supreme Court has recently stated, "Joinder of a party ... is the method by which potential parties are subjected to the jurisdiction of the court and bound by a judgment or decree." *Martin v. Wilkes*, — U.S. —, —, 109 S.Ct. 2180, 2182, 104 L.Ed.2d 835 (1989). "Unless duly summoned to appear in a legal proceeding, a person not privy [to the proceeding] may rest assured that a judgment recovered therein will not affect his legal rights." *Id.* (quoting *Chase National Bank v. Norwalk*, 291 U.S. 431, 54 S.Ct. 475, 78 L.Ed. 894 (1934)). Thus, "a judgment is not *res judicata* as to, or legally enforceable against, a non-party." *Provident Tradesmen's Bank and Trust Co. v. Patterson*, 390 U.S. 102, 110, 88 S.Ct. 733, 738, 19 L.Ed.2d 936 (1968); *see also Doty*, 598 F.2d at 887; *Challenge Homes v. Greater Naples Care Center*, 669 F.2d 667, 670 (11th Cir.1982). Because any judgment rendered in this action would have no legally preclusive effect on the non-party partners, the court finds that defendants remain at risk of double, multiple or inconsistent liability on substantially identical claims. *Cf. Eikel v. States Marine Lines, Inc.*, 473 F.2d 959 (5th Cir.1973) (all partners having claims must be joined if failure to do so subjects defendant to possibility of multiple liability).

### D. *Is Joinder Of The Partnership Feasible?*

■ Having determined that the partnership and/or the non-party partners should be joined in this action, the next question becomes whether such joinder would be feasible; i.e., whether joinder would deprive the court of jurisdiction over the subject matter of this action. Such would be the result here.

Unlike a corporation, a partnership is not a "jural person" for the purposes of diversity jurisdiction. *DAB Associates v. Bakst,* 682 F.Supp. 1231, 1233 (N.D.Ga.1988) (Hall, J.). This is true even though a partnership may sue and be sued in its own name. *Id.* For the purposes of federal diversity jurisdiction, a partnership is a citizen of each of the states in which its partners are citizens. *Village Fair Shopping Center v. Sam Broadhead Trust,* 588 F.2d 431, 433 (5th Cir.1979). Because the Doctors Hospital partnership consists of both Georgia and Tennessee corporations, it must be considered a citizen of both states. Joinder of the partnership as a party plaintiff would therefore place a Tennessee resident on either side of the dispute and thereby destroy complete diversity.[4] Accordingly, if joinder of the Doctors Hospital partnership is mandated, this action must be dismissed for lack of subject matter jurisdiction.[5] *DAB,* 682 F.Supp. at 1234.

### E. *Is The Partnership Indispensable?*

■ Once it is determined that a non-party should be joined under Rule 19(a) but that joinder is not feasible, a court must proceed under subsection (b) to examine the situation pragmatically and to make a choice between the alternatives of proceeding with the action in the absence of particular interested persons, and dismissing the action. *Tick,* 787 F.2d at 1493–94. Rule 19(b) requires consideration of four closely interrelated factors: (1) the extent to which a judgment rendered in the person's absence might be prejudicial to him or to those already parties; (2) the extent to which the judgment can be fashioned so as to avoid this prejudice; (3) whether any judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff would have an adequate remedy if the action is dismissed for non-joinder. The court will address these factors *seriatim.*

#### (1) Prejudice.

The first factor requires the court to consider the extent to which a judgment rendered in the absence of the non-party partners will be prejudicial to either the absent partners or the present parties. *Id.* at 1495; *Doty,* 598 F.2d at 887. As previously noted, a judgment in defendants' favor would create doubt as to the validity of the non-party partners' claims and would constitute adverse precedent. *See Doty,* 598 F.2d at 887; *Read,* 441 F.Supp. at 1186. Moreover, where, as here, the relief sought by the plaintiffs is broad and extensive, the likelihood that a judgment in their favor will affect the absent parties is enhanced. *Tick,* 787 F.2d at 1495. Finally, the court reiterates that any judgment rendered would have no legally preclusive effect on the absent partners. Thus, because the absent partners possess claims against defendants identical to those asserted by plaintiffs, judgment would pose no barrier to re-litigation of identical issues. The resulting prejudice to defendants is obvious.

#### (2) Relief.

The second factor requires the court to consider the extent to which any relief afforded plaintiffs can be tailored to lessen or avoid prejudice to the non-party partners or to defendants. In this action, plaintiffs seek an accounting and imposition of a

---

4. "Where the partnership sues a non-partner who resides in the same state as a partner, diversity jurisdiction is defeated. It makes no difference to the diversity determination that the partner is also a defendant." *DAB,* 682 F.Supp. at 1234.

5. Joinder of each non-party partner would ordinarily satisfy Rule 19, since the interests of the partnership would be adequately represented. However, as defendants point out, at least one of the non-party partners would have to be aligned as a defendant. Because this partner— DM X, Ltd., held by Dr. Jack Hughston—is a Georgia corporation, diversity would still be defeated.

constructive trust on profits derived by defendants through wrongful competition with the partnership business. Should plaintiffs prevail, they would clearly not be entitled to 100% of these profits. To the contrary, the non-party partners would be entitled to their respective shares consistent with their interest in the partnership business. This fact would place the court in a position similar to that faced by the district court in *Bry–Man's, Inc. v. Stute,* 312 F.2d 585 (5th Cir.1963).

In *Bry–Man's,* the plaintiff sued a corporation to recover a commission allegedly due him as a broker for securing for the defendant a loan. In fact, the commission was due both plaintiff and a non-party as joint obligees. The trial court sitting without a jury heard the case on a *quantum meruit* theory and determined that defendant was liable for $12,000 in commissions. Because plaintiff represented only one of the two obligees, however, judgment was entered in plaintiff's favor in the amount of only $6,000. The defendant appealed and the Fifth Circuit reversed. In so doing, Judge Tuttle writing for the panel noted that the district court found that the non-party obligee was entitled to one-half of the $12,000 commission. Because this non-party obligee had not been joined, the trial court's entry of judgment left the controversy in a condition "wholly inconsistent with equity and good conscience." *Bry–Man's,* 312 F.2d at 587–88. The judgment was therefore reversed and the action dismissed for failure to join an indispensable party whose joinder would destroy diversity. The present case is in a similar posture but even more confusing. Though the court has determined that each plaintiff is a real party in interest to this action, it is nevertheless clear that the harm alleged has been more directly inflicted upon the partnership. Though each partner is ultimately entitled to his respective share of the partnership profits, O.C.G.A. § 14–8–26, these profits are distributed to the partners through the partnership in a manner consistent with their respective interests in the partnership business. *Cf. Camden Securities Co. v. Lupowitz,* 500 F.Supp. 653 (E.D.Penn.1980). The absence of the partnership from this action precludes the court from simply awarding to the partnership any profits lost as a result of defendants' wrongful competition with the partnership business and creates a situation where a final decree cannot be entered without leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience. *Id; Jett v. Zink,* 362 F.2d 723, 726 (5th Cir.1966); *see also Martin,* —— U.S. at ——, 109 S.Ct. at 2183 (Rule 19's provisions for joining interested parties are designed to accomodate the sort of complexities that may arise from a decree affecting numerous people in various ways).

### (3) Adequacy of Judgment.

The third factor requires the court to examine the adequacy of a judgment rendered in the absence of the non-party partners. This factor refers to the public stake in settling disputes by wholes and reflects the interest of the courts and the public in complete, consistent and efficient settlement of controversies. *Patterson,* 390 U.S. at 111, 88 S.Ct. at 738. As has been seen, the non-party partners possess claims against defendants arising from the same conduct and by virtue of rights identical to plaintiffs. In view of this fact, and because of the inapplicability of the principle of *res judicata,* the risk of re-litigation is apparent. In addition to the obvious prejudice to defendants, the possibility of piecemeal litigation of claims illustrates the inadequacy of any judgment rendered in the absence of the non-party partners.

### (4) Alternative Remedies.

This final factor requires the court to determine the existence of alternative remedies should the action be dismissed for non-joinder. Where the state courts provide such remedies, any prejudice caused the plaintiff by dismissal is negligible. *Tick,* 787 F.2d at 1495. While the plaintiff has a recognized interest in his chosen forum, the strength of this interest depends upon whether a satisfactory alternative forum exists and must be balanced against the defendants' right to be safe against needless, multiple litigation. *Id; Schutten*

*v. Shell Oil Co.*, 421 F.2d 869, 873 (5th Cir.1970). In the present case, the state courts not only provide an adequate alternative forum for plaintiffs to assert their claims against defendants, but that forum is presently being utilized in a parallel action. *See DM II, et al. v. Hospital Corporation of America, et al.*, No. 88–3076 (Sup.Ct. Muscogee Co. 1988). The fourth and final factor of Rule 19(b) therefore also supports the conclusion that the absent partners are indispensable parties to this action.

In sum, the court concludes that under the factors enumerated in Rule 19(b), the Doctors Hospital partnership is an indispensable party to this action. This conclusion rests largely on the court's findings that any judgment entered in this action would have no legally preclusive effect on the absent partners' claims; that the court cannot fashion complete relief in the absence of all partners; that the possibility of re-litigation renders any judgment entered in this action inadequate, and that a satisfactory alternative forum is presently being utilized by the parties. For this reason and because the court finds that joinder of the partnership would divest the court of subject matter jurisdiction, this action is hereby DISMISSED for failure to join an indispensable party. Accordingly, defendants' motion to dismiss is GRANTED.

### III. CONCLUSION.

In sum, defendants' motion to dismiss is GRANTED. This action is hereby DISMISSED.

SO ORDERED.