**Jerome H. TICK and Bernice J. Tick, his wife, Plaintiffs-Appellees,**

v.

**Norman COHEN, as Trustee of Trusts known as Land Trusts Nos. 71–LT–100, 72–LT–1, 72–LT–2, 72–LT–3, 72–LT–4, 72–LT–5, 72–LT–7, 72–LT–8, 72–LT–9, and 72–LT–11, and Norman Cohen, individually; Murray Blattman, individually, and Murray Blattman as Trustee of Land Trust No. 75–LT–21; Sand Hill Lake, Inc., a Florida corporation; Century 21 Admiral's Port, Inc., a Florida corporation; Admiral's Port North, Inc., a Florida corp., Admiral's Port Town Homes, Inc., a Florida corp.; Michele Kapp; and Selma Blattman, Defendants-Appellants.**

**No. 85–5259.**

United States Court of Appeals, Eleventh Circuit.

April 28, 1986.

Gerald F. Richman, Floyd Pearson, Richman Greer, et. al., Miami, Fla., for plaintiffs-appellants.

Seymour Kaplan, Patrice A. Talisman, Daniel & Hicks, P.A., Barbara Green, Sam Daniels, Miami, Fla., for defendants-appellees.

Jerome H. Tick, New York City, pro se.

Before GODBOLD, Chief Judge, FAY, Circuit Judge, and PECK *, Senior Circuit Judge.

PER CURIAM:

This is an interlocutory appeal pursuant to 28 U.S.C. 1292(b) (1982) from the district court's order denying appellant's motion to dismiss for failure to join indispensable parties. The only issue presented on appeal is whether the beneficiaries of certain land trusts are indispensable parties within the meaning of Fed.R.Civ.P. 19(b). The district court found that although the absent beneficiaries were proper parties to this litigation, they were not indispensable. We reverse.

I.

Jerome H. Tick and his wife Bernice J. Tick, as beneficiaries of certain land trusts, brought this action against Norman Cohen, individually and as trustee of the land trusts; Murray Blattman, individually and as trustee of Trust No. 75–LT–21;[1] Selma Blattman; Michele Kapp; Sand Hill Lake, Inc.; Century 21 Admiral's Port, Inc.; Admiral's Port North, Inc.; and Admiral's Port Town Homes, Inc. ("appellants"). The Ticks filed suit in the United States District Court for the Southern District of Florida alleging mismanagement, self-dealing and breach of fiduciary duty on the part of Norman Cohen. They also allege that Norman Cohen, in concert with the other appellants, diverted assets for his own benefit and the benefit of the other appellants.[2] The Ticks have requested numerous forms of relief including: accountings for each trust; appointment of a receiver for each trust of which Jerome Tick is a beneficiary; removal of Norman Cohen as trustee and appointment of a substitute trustee; establishment of constructive or resulting trusts as to assets of the appellants acquired or improved with diverted funds; distribution of trust income and assets due the Ticks; and, compensatory and punitive damages against Norman Cohen and Murray Blattman, individually. In addition to the above relief, the Ticks have requested reimbursement for attorneys' fees, accountants' fees, and the reasonable costs and expenses incurred in bringing this action.

The appellants filed a motion to dismiss the action for failure to join indispensable parties, namely, the absent beneficiaries of the land trusts. Jurisdiction in this action

---

* Honorable John W. Peck, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

1. The Ticks are not beneficiaries of Trust No. 75–LT–21 and do not claim to be. Their claim against this trust is not mismanagement, but rather that it was a receptacle for some of the funds which were allegedly wrongfully taken from a corporation in which they did have an interest.

2. The final amended complaint was in four counts. Count one seeks relief on behalf of Jerome Tick and the trusts of which he is a beneficiary (the "JHT trusts"). It alleges that the appellants wrongfully self-dealt and/or diverted the assets of the JHT trusts. It also alleges that Norman Cohen refused to provide

any trust accountings of the JHT trusts. Count two seeks relief against Norman Cohen individually for refusing to make proper distributions of income and principal of the JHT trusts and diverting those sums for his own uses. Count three is a shareholder's derivative suit involving Century 21 Admiral's Port, Inc., brought by Jerome Tick, a minority shareholder in that corporation. It alleges that Norman Cohen and Murray Blattman self-dealt and diverted the assets of Century 21 Admiral's Port to the other corporate appellants and to Trust No. 75–LT–21. Count four seeks relief on behalf of Bernice Tick as beneficiary of Trust No. 72–LT–4. It alleges that Norman Cohen refuses to distribute the corpus of the trust despite the fact that the purpose of the trust has been fulfilled.

is based on diversity of citizenship. The Ticks are citizens of New Jersey. The appellants are all citizens of Florida or Florida corporations whose principal place of business is in Florida. However, at least three of the absent beneficiaries are citizens of New Jersey. Joinder of these absent beneficiaries would therefore destroy complete diversity.

On December 3, 1984, the district court denied the appellants' motion to dismiss, finding that although the absent beneficiaries were proper parties to the litigation, they were not indispensable parties. Thereafter, on February 8, 1985, the district court amended its order to certify to this court, pursuant to 28 U.S.C. § 1292(b) (1982), the issue of whether the absent beneficiaries of the land trusts were indispensable. The appellants thereupon petitioned this court for leave to appeal which was granted.

## II.

The Supreme Court, in *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 125 n. 22, 88 S.Ct. 733, 746 n. 22, 19 L.Ed.2d 936 (1968) (citation omitted), has established that the question of joinder in a diversity case must be resolved in accordance with federal law. As the Court stated in that case:

[I]t [is] clear that in a diversity case the question of joinder is one of federal law. To be sure, state-law questions may arise in determining what interest the outsider actually has, but the ultimate question whether, given those state-defined interests, a federal court may proceed without the outsider is a federal matter.

*Id.* (citations omitted). The issue of whether joinder of the absent beneficiaries is required must therefore be decided within the framework of Fed.R.Civ.P. 19. *See Morrison v. New Orleans Public Service Inc.*, 415 F.2d 419, 423 (5th Cir.1969).[3]

■ Joinder pursuant to Rule 19 involves a two-step inquiry.[1] 3A J.W. Moore & J.D. Lucas, Moore's Federal Practice ¶ 19.07–1[0] at 19–90 (2d ed. 1985). Subsection (a) of Rule 19 requires that "persons whose joinder is desirable from the standpoint of complete adjudication and elimination of relitigation" be joined where feasible. *Schutten v. Shell Oil Co.*, 421 F.2d 869, 873 (5th Cir.1970). *See also* Fed.R. Civ.P. 19 note on 1966 amendment general considerations. Limitations on service of process, subject matter jurisdiction, and venue, however, may bar joinder in some

**3.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc) we adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**4.** Fed.R.Civ.P. 19 provides in pertinent part:
Rule 19. Joinder of Persons Needed for Just Adjudication
(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant,

or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.
(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

cases. *See* Fed.R.Civ.P. 19 note on 1966 amendment general considerations. Where joinder is not feasible, a court must proceed under subsection (b) of Rule 19 to examine the situation "pragmatically" and to make a choice "between the alternatives of proceeding with the action in the absence of particular interested persons, and dismissing the action." *Id.*

Accordingly, we must first determine whether the absent beneficiaries of the land trusts are materially interested in the litigation and therefore should be joined as parties pursuant to subsection (a). *See id.* "As a general rule, all beneficiaries are persons needed for just adjudication of an action to remove trustees and require an accounting or restoration of trust assets." *Walsh v. Centeio,* 692 F.2d 1239, 1243 (9th Cir.1982) (citations omitted). *See also Carey v. Brown,* 2 Otto 171, 172, 92 U.S. 171, 172, 23 L.Ed. 469 (1875) (citation omitted) ("The general rule is, that in suits respecting trust-property, brought either by or against the trustees, the *cestuis que trust* as well as the trustees are necessary parties."); *Griley v. Marion Mortgage Co.,* 132 Fla. 299, 182 So. 297, 300 (1937) (citing *Carey*). In this action, the Ticks seek broad relief including, the removal of Norman Cohen as trustee, an accounting of all trusts, and the restoration of trust assets. In the event that the Ticks succeed on the merits, it is likely that the trusts will be affected. Therefore, in view of the fact that a judgment in favor of the Ticks could adversely affect the absent beneficiaries interests, we find that the absent beneficiaries are persons to be joined if feasible. It is undisputed, however, that joinder of the New Jersey beneficiaries cannot be accomplished without destroying diversity jurisdiction. The issue of joinder here is therefore one within the scope of subsection (b), namely, whether "in equity and good conscience" this action should proceed without the absent beneficiaries. Fed.R.Civ.P. 19(b).

Subdivision (b) of Rule 19 sets forth four factors to be considered by a court in deciding whether to proceed without a party who cannot be joined. *Schutten,* 421 F.2d at 873. These four factors are:

first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b).

The four factors were designed to replace the formalistic labels "necessary" and "indispensable" which were previously assigned to parties in an effort to distinguish between them. *Morrison,* 415 F.2d at 422 n. 3 (citations omitted); *Broussard v. Columbia Gulf Transmission Co.,* 398 F.2d 885, 888 (5th Cir.1968). The current version of Rule 19 uses the word "indispensable" in a conclusory manner only. Fed.R.Civ.P. 19 note on the amended rule. Thus, "a person is 'regarded as indispensable' when he cannot be made a party and, upon consideration of the factors ... it is determined that in his absence it would be preferable to dismiss the action, rather than to retain it." *Id.* As the Supreme Court noted in *Provident Tradesmens Bank & Trust Co.:*

To say that a court 'must' dismiss in the absence of an indispensable party and that it 'cannot proceed' without him puts the matter the wrong way around: a court does not know whether a particular person is 'indispensable' until it has examined the situation to determine whether it can proceed without him.

390 U.S. at 119, 88 S.Ct. at 743. Accordingly, we must balance the concerns of subdivision (b) to determine whether the absent beneficiaries are "indispensable."

In examining the question before us within the framework of Rule 19, we find that the four factors set forth in subdivision (b) are closely interrelated. *See* Fed.R.Civ.P. 19 note on the amended rule.

Moreover, we find that two aspects of this case are particularly significant: (1) the broad relief sought by the Ticks, and (2) the availability of the Florida state courts as an alternative forum for this litigation. Our finding of indispensability hinges on these two key aspects of the case.

The first factor requires us to consider the extent to which a judgment rendered in the absence of the beneficiaries will be prejudicial. This calls for an assessment of the resulting prejudice to either the absent beneficiaries or to the parties already joined. *See Doty v. St. Mary Parish Land Co.*, 598 F.2d 885, 887 (5th Cir.1979). In light of the extensive relief sought by the Ticks, it is extremely likely that a judgment in favor of the Ticks will affect the absent beneficiaries. On the other hand, dismissal of this litigation will result in negligible prejudice to the Ticks because of the availability of an alternative forum, namely, the Florida state court system. We therefore find that, on balance, this factor weighs in favor of dismissal of this action.

For the purposes of our analysis, we examine factors two and three together. In so doing we consider both the extent to which any relief afforded the Ticks can be tailored to lessen or avoid prejudice to the trust beneficiaries, and the adequacy of a judgment rendered in the absence of those beneficiaries. Again, we find persuasive the fact that the Ticks seek broad relief. In light of the relief requested, we find it difficult to envision any conceivable way to fashion a meaningful judgment which will not affect the absent beneficiaries interests. It therefore follows that any judgment favorable to the Ticks which is rendered in the absence of the trust beneficiaries will necessarily be inadequate.

■ The fourth factor, the existence of an alternative forum if the action is dismissed, is the most persuasive factor in this case.[5] As the Supreme Court has stated: "the plaintiff has an interest in having a forum. *Before the trial,* the strength of this interest obviously depends upon whether a satisfactory alternative forum exists." *Provident Tradesmens Bank & Trust Co.*, 390 U.S. at 109, 88 S.Ct. at 738 (footnote omitted) (emphasis added). A cursory review of Florida law indicates that this action can be maintained in the state court system. *See* 56 Fla.Jur.2d *Trusts* § 105 (1985). Indeed, the Florida courts are the superior forum for disposition of this action because it involves questions of Florida trust law. *See Walsh v. Centeio*, 692 F.2d 1239, 1244 n. 5 (9th Cir.1982). We therefore conclude that the four factors of Rule 19(b) weigh in favor of dismissal of this action.

In support of our conclusion, we also note that the "public interest in preserving a fully litigated judgment ... when 'the time and expense of a trial have already been spent' " is not a consideration in this case. *Walsh*, 692 F.2d at 1244 (quoting *Provident Tradesmens Bank & Trust Co.*, 390 U.S. at 111, 88 S.Ct. at 739). Although this case was initially filed more than four years ago, no final trial date was ever set. Thus, dismissal of this action at this stage in the legal proceedings will require "little duplication of effort ... if the case [is] refiled in state court." *Id.*

### III.

■ Finally we consider the Ticks' argument that the joinder issue does not apply to counts two and three of the complaint. Count two is an action against Norman Cohen individually in which no relief is sought against any of the trusts. As such, we agree with the Ticks that the absent beneficiaries have no interest even remotely affected by count two and therefore, find that dismissal of count two is not warranted. Count three is a shareholder's derivative action alleging that Norman Cohen and Murray Blattman diverted assets of Century 21 Admiral's Port, Inc. to other

---

**5.** The presence of a state forum has been found to be particularly compelling in diversity jurisdiction cases. *Doty v. St. Mary Parish Land Co.*, 598 F.2d 885, 888 (5th Cir.1979) (citing *Brous- sard v. Columbia Gulf Transmission Co.*, 398 F.2d 885 (5th Cir.1968)). *See also Schutten v. Shell Oil Co.*, 421 F.2d 869 (5th Cir.1970).

entities including Trust No. 75–LT–21. It is essentially an action to recover a debt owed by that trust to the corporation. The Ticks suggest that the absent beneficiaries of this trust need not be joined because the trust's only liability will be to account for and return what does not belong to it. We disagree and hold that all beneficiaries of Trust No. 75–LT–21 must be joined in this action. However, if, as the Ticks claim, there are no New Jersey beneficiaries of this trust, joinder will not result in dismissal of count three.

For the foregoing reasons, we reverse the order of the district court and remand for proceedings not inconsistent with this opinion.

REVERSED and REMANDED.