Linda L. **SWERHUN**, Plaintiff,

v.

**GENERAL MOTORS CORPORATION,** Defendant.

No. 90–932–CIV–T 17B.

United States District Court, M.D. Florida, Tampa Division.

March 11, 1992.

Daniel E. Myers, Tallahassee, Fla., for plaintiff.

Douglas Bruce Brown, Charles Pendleton Mitchell, Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, Orlando, Fla., for defendant.

## ORDER ON MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTIES

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's motion to dismiss for failure to join an indispensable parties filed on October 24, 1991, response thereto filed November 13, 1991, and request for oral argument filed on October 24, 1991.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

The complaint in this cause of action was filed on July 30, 1990. On September 17, 1990, General Motors filed a Rule 12(b)(6), Fed.R.Civ.P. motion to dismiss Swerhun's complaint for failure to state a cause of action. This court denied the motion as to the first four counts and dismissed Count V. The remaining issues are 1) breach of fiduciary duty, 2) breach of third-party beneficiary contract, 3) breach of oral contract, and 4) promissory estoppel.

## BACKGROUND INFORMATION

Plaintiff filed suit in Polk County against the Fields, who were her investors and co-shareholders of Lynn Cadillac, Olds, Buick & Pontiac, Inc. (the Dealership), subsequently renamed Fields Cadillac, Olds, Buick & Pontiac, Inc. The Circuit Court entered summary judgment against Swerhun, finding that she was properly terminated under the Dealership's bylaws, the shareholder agreement and applicable state statutes. The Second District Court of Appeals upheld the Circuit Court decision.

Next, Plaintiff filed a lawsuit in Leon County, which was subsequently removed to the Tenth Judicial Circuit, Polk County, Florida. Plaintiff filed against the defendants, the Fields and the Dealership. The Plaintiff voluntarily dismissed General Motors from that suit. The only remaining issue to be decided in the state court action is alleged fraud on the part of the Fields, wherein Swerhun is asking for reformation of the shareholder's agreement.

In the present case, the Defendant contends that Plaintiff has failed to join the Fields and the Dealership as indispensable parties pursuant to Rule 19, Fed.R.Civ.P. In particular, the Defendant states that "The instant suit against GM is entirely derivative of Plaintiff's underlying claims against the Dealership Corporation and Plaintiff's former partners.... [and] are inextricably intertwined with the alleged actions of the Fields and the Dealership Corporation."

To the contrary, Counts I, III and IV of the Plaintiff's claims arise directly from the relationship existing between Swerhun and GM and the subsequent legal obligations, if any.

## THE LAW

In *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), the Supreme Court established that joinder in a diversity case must be determined according to federal law. In addition, the Court stated:

To be sure, state-law questions may arise in determining what interest the outsider actually has, but the ultimate question whether, given those state-defined interests, a federal court may proceed without the outsider is a federal matter.

## ANALYSIS UNDER RULE 19

A motion to dismiss for failure to join indispensable parties is governed by the joinder requirements of Rule 19, which involves a two step process. 3A J.W. Moore & J.D. Lucas, Moore's Federal Practice 19.-07–1[0] at 19–20 (2d ed. 1985). In *Provident Tradesmens*, 390 U.S. at 118, 88 S.Ct. at 742; and *Francis Oil & Gas, Inc. v. Exxon Corp.*, 661 F.2d 873 (10th Cir.1981) the Supreme Court determined that Rule 19 is not a mechanical formula. It is a flexible analysis of the facts pertaining to each case. The Court is vested with substantial discretion in making the determination. *Envirotech Corp. v. Bethlehem Steel Corp.*, 729 F.2d 70 (2d Cir.1984); *Micro–Medical Indus. v. Hatton*, 607 F.Supp. 931 (D.P.R.1985).

## STEP I:

The first step under Rule 19 analysis is to determine if the Dealership and the Fields are persons to be joined, if feasible, under Rule 19(a) which states:

(a) **Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

**STEP II:**

If either the Dealership or the Fields is determined to be a "necessary party", then the Court proceeds to the second step of the analysis. The inquiry is "whether in equity and good conscience the action should proceed among the parties before it (the Court) or should be dismissed." Four factors are considered in a Rule 19(b) analysis and dismissal follows a determination that either party is indispensable.

(b) **Determination by Court Whenever Joinder not Feasible.** If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

*Tick v. Cohen*, 787 F.2d 1490 (11th Cir. 1986) described this inquiry:

Subsection (a) of Rule 19 requires that "persons whose joinder is desirable from the standpoint of complete adjudication and elimination of relitigation" be joined where feasible. *Schutten v. Shell Oil Co.*, 421 F.2d 869 (5th Cir.1970). See also Fed.R.Civ.P. 19 note on 1966 amendment general considerations. Limitation on service of process, subject matter jurisdiction, and venue, however, may bar joinder in some cases. See Fed.R.Civ.P. 19 note on 1966 amendment general considerations. Where joinder is not feasible, a court must proceed under subsection (b) of Rule 19 to examine the situation "pragmatically" and to make a choice "between the alternatives of proceeding with the action in the absence of particular interested persons, and dismissing the action."

In *Tick*, the court began Rule 19 analysis by determining whether the parties to be joined had a material interest in the cause of action before the court.

Defendant asserts that Rule 19(a)(1) and Rule 19(a)(2)(ii), two alternative joinder tests, apply to the Plaintiff's claims. More specifically, the Defendant states that Rule 19(a)(1) requires joinder where complete relief "cannot be accorded" between the "existing parties." In addition Defendant claims "Rule 19(a)(2)(ii) also compels joinder because the Fields and the Dealership Corporation have a clear interest relating to the subject of this action which subjects GM to a substantial risk of double or otherwise inconsistent obligations." Defendant makes a blanket statement applying Rule 19(a) to all counts. However, since each count represents a separate cause of action, it is necessary to apply this rule on a count by count basis.

## MOTION TO DISMISS—DENIED AS TO COUNTS I, III & IV

■ In Count I, Plaintiff asserts the existence of a fiduciary duty created by Swerhun's acceptance and participation in GM's minority dealer program. The breach of duty in question is premised on the actions, or lack thereof, by GM itself. This count is not based on the actions of the Dealership or the Fields. In addition, Count I does not involve the shareholders agreement being reviewed in the state court action nor the Dealership agreement created between the Defendant and the Dealership. Therefore, all relevant parties are before the Court and under Rule 19(a)(1), complete relief may be accorded.

As to application of Rule 19(a)(2)(ii) to Count I, neither the Fields nor the Dealership have a clear interest in the claim that a fiduciary relationship was created by the Plaintiff's participation in General Motor's minority dealer program. While both the Fields and the Dealership have entered into subsequent contractual agreements with the Plaintiff, they are separate from the

alleged fiduciary duty cause of action. Therefore, the Fields and the Dealership have no material interest in the present action and General Motors is not at substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of Count I.

■ In Count III, Plaintiff alleges that a "contract, agreement, or understanding arose between GM and Swerhun." Plaintiff further states that GM breached this contract. Reading Count III it is unclear whether Plaintiff is claiming that the "Martabano letter," which was a pre-franchise GM policy statement received and signed by each of the defendants, is the referenced contract or that an oral contract is assumed to be in existence. Even though the several specific references are made to GM's involvement in regards to the "Martabano letter," the Court assumes that Plaintiff intended to refer to an oral contract. Defendant also makes such a supposition at page 6 of the Memorandum of Law in Support of the Motion to Dismiss: Count III alleges breach of a purported oral contract because GM "permitted or acquiesced in her removal as 'dealer/operator.'"

In regards to the oral contract, Plaintiff states in paragraph 40 "By virtue of the relationship between Swerhun and GM as herein alleged, a contract, agreement or understanding arose between GM and Swerhun to the effect that: Swerhun was designated and would remain the 'dealer/operator' and 'dealer/owner' of the four franchise agreements entered into by GM with Lynn Cadillac, unless she was terminated in such capacity in good faith and fair dealing in the manner authorized by GM; there was no definite term for Swerhun's services, which were to be on-going and continuous; GM derived benefit from Swerhun's services."

Under a Rule 19(a)(1) analysis, full relief can be accorded between the parties presently before the court. The Plaintiff alleges two parties to the oral contract: GM and Swerhun. In several instances, the Plaintiff refers to the "Martabano letter" as representing GM's position in reference to the purported contract. The "Martabano letter" is copied to, and signed by, several individuals including the Fields. However, the purported obligations included within the letter apply to the proposed franchise agreements and not to the oral contract currently under consideration.

Count III is not the subject of the state court action, nor has it ever been. The Fields and the Dealership do have interests in the four resulting franchise agreements and separate contractual arrangements with Swerhun. However, these are not currently before the court, only the alleged oral contract between Swerhun and GM is addressed in Count III. In addition, the Defendant is not subjected to double, multiple or inconsistent obligations by reason of the alleged oral contract. Under the Rule 19(a)(2)(ii) analysis, the Defendant is not a necessary party as to the oral contract. Therefore, the court finds that neither the Fields, nor the Dealership are necessary parties as to Count III.

■ Count IV is subject to analysis similar to that performed for Count III. The Plaintiff alleges promissory estoppel in that GM "represented to Swerhun that it would allow Swerhun to be 'dealer/operator' under its franchise agreement and support her right to acquire majority ownership of a dealership."

Plaintiff further alleges that GM "permitted or acquiesced in the removal of Swerhun as the 'dealer/operator' and 'dealer/owner' of Lynn Cadillac in a manner not permitted by the franchise agreements and inconsistent with the representations earlier made by GM and relied on by Swerhun."

The goal of Rule 19 is to bring all persons having an interest in the subject of an action together in one forum to provide a fair and complete resolution. *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305 (5th Cir 1986). Plaintiff did not artfully plead the promissory estoppel count, but did mention the franchise agreement and indicate that the parties to the franchise agreement could be involved in that claim.

However, in the Plaintiff's response to the Defendant's motion to dismiss for fail-

ure to join indispensable parties, Swerhun clearly states that the complaint's counts are founded on the actions of the Defendant. In particular, the Plaintiff states "Certainly, whether GM had a duty to act on Swerhun's behalf; whether it failed to act to as required .... whether it had contracts with or made promises to Swerhun; and whether it breached these contracts are questions of fact to be decided in this litigation."

In Count IV of the Plaintiff's complaint, it is the purported promises that GM made to Swerhun while she was in the minority dealership program that are at the center of the action, not the franchise agreement. While the Fields and the Dealership have interests tied to the franchise agreement, neither has a material interest in the alleged promises made to Swerhun. Therefore, under Rule 19(a)(1) complete relief may be accorded among the parties already before the court.

Pursuant to Rule 19(a)(2)(ii), GM is not liable to double, multiple or inconsistent decisions as to Count IV. The shareholder agreement is still in litigation within the state court. This agreement is not the same as the alleged promises GM made to Swerhun. Therefore, the Fields and the Dealership are not necessary parties under Rule 19(a). Step II analysis under Rule 19(b) is not required.

### MOTION TO DISMISS—GRANTED AS TO COUNT II

■ In Count II, the Plaintiff alleges a breach of third party beneficiary contract by GM. In particular Plaintiff alleges that "Swerhun is an express third party beneficiary of these agreements (franchise agreements as evidenced and represented by the Dealer Sales and Service Agreements) in that: her association with the dealership is an expressed and stated condition of each franchise agreement; .... the shareholders of Lynn Cadillac agreed to stock options among themselves to allow Swerhun to acquire all stock of the corporation over a period of time so that she qualified under the requirements of the policies of the minority dealer program implemented by GM."

As the third party beneficiary of the franchise agreements, Swerhun is alleging that the benefit of the franchise was intended to flow to her. As a result, the Dealership, who is a party of interest in the franchise agreement is also a party with a material interest both as to the legal consequences and the financial outcome of the Count IV litigation. In addition, the Fields are parties of interests to the franchise agreement due to their status as shareholders of the dealership franchise. If resolution of Count II were to be in favor of Swerhun as a third party beneficiary, their interests would be materially affected. As shareholders, each of the Fields should be considered a third party beneficiary of the same franchise agreement and are considered necessary parties to be joined if feasible.

In *Tick*, the Court utilized a similar analysis as to the requirement of joining all beneficiaries of an established trust prior to settling questions of trustee retention and return of expended assets. In that case complete relief could not be afforded unless all beneficiaries were joined to the action.

■ In the present case, under Rule 19(a)(1), complete relief cannot be accorded among the parties presently before the court. The Fields and the Dealership must be joined to provide complete relief. However, joinder of the Dealership, which is a Florida Corporation, and Mr. Fields, who is a Florida resident, would destroy diversity and void the jurisdiction of this court. The issue of joinder is then one which falls within the scope of Rule 19(b). The question becomes whether in equity and good conscience this action should proceed without the Fields and the Dealership.

In *Tick v. Cohen*, 787 F.2d at 1494, the Eleventh Circuit presented the four factors in Rule 19(b) analysis:

First, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which by protective provisions in the judgment, by the

shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

In the instant case, the Fields and the Dealership would both have interests that could be adversely affected if they are not joined. The shareholder agreement between the Fields and Swerhun is at the center of the state court litigation. If this Court determines various ownership interests should flow to Swerhun as a third party beneficiary, the decision could be directly adverse to the state court decision. In *Moore v. Ashland Oil, Inc.*, 901 F.2d 1445 (7th Cir.1990) the court ordered dismissal where ownership interests of the absent parties were determined and a risk existed that a federal court decision may contradict findings of pending state court actions involving the absent parties.

Considering the next 3 factors, there appears to be no protective provision available that would shape relief to adequately protect the interests of the Dealership and the Fields and avoid the resulting prejudice an adverse ruling would bring. Any judgment rendered without the presence of the two parties in question would be inadequate. Plaintiff did have an adequate remedy available in the state court. The Plaintiff did bring an action in state court that was essentially the same subject matter as Count II. The state action was dismissed, but without prejudice. The Plaintiff voluntarily dismissed GM from that suit. Since Swerhun did not want to join GM to that state action, she chose to eliminate GM as a necessary party to that cause of action. Swerhun had a right to appeal the state court ruling on the subject matter of Count II.

Therefore, the Court finds that the Fields are indispensable parties pursuant to Rule 19(b) and the motion to dismiss should be granted as to Count II. Accordingly, it is

ORDERED that the request for oral argument be denied; the motion to dismiss be granted in part and denied in part; and Count II of the complaint be dismissed, without leave to amend.

DONE and ORDERED.