**ORIX CREDIT ALLIANCE, INC.,
f/k/a First Interstate Credit
Alliance, Inc., Plaintiff,**

**v.**

**FIRST FLORIDA BANK,
N.A., Defendant.**

**No. 92–482–CIV–T–17–A.**

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 27, 1992.

James E. Foster, William Mark Lindeman, Foster & Kelly, Orlando, Fla., for plaintiff.

Robert Wilson Clark, Macfarlane, Ferguson, Allison & Kelly, Tampa, Fla., for defendant.

## ORDER ON MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTIES

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's motion to dismiss for failure to join

indispensable parties filed May 21, 1992 and Plaintiff's response thereto filed June 9, 1992.

## BACKGROUND

On April 10, 1992, Plaintiff filed a complaint to determine the priority of liens, for declaratory relief, and for conversion. Plaintiff is asking this Court (1) to establish the validity and priority of Plaintiff's and Defendant's security interests in certain collateral, and (2) to enter a judgment for damages against Defendant to the extent that Defendant has received payments in which Plaintiff possesses a superior security interest. The following events gave rise to this action.

In February 1987, Marco Machinery Company ("Marco") was incorporated for the purposes of selling and leasing heavy construction machinery. Both Plaintiff and Defendant became secured creditors of Marco in three sources of collateral: (1) accounts receivable; (2) inventory; and (3) equipment. Marco executed various security agreements to document Plaintiff's and Defendant's security interests in the collateral.

On May 15, 1991, Marco filed for bankruptcy and on January 20, 1992, the bankruptcy action was voluntarily converted to a liquidation proceeding. A dispute arose between Plaintiff and Defendant over who has senior priority in the above-mentioned collateral based on various documents executed by Marco evidencing the security interests. Consequently, on September 27, 1991, Plaintiff filed an action in Bankruptcy Court to resolve the priority dispute between Plaintiff and Defendant. However, that court dismissed the action for lack of subject matter jurisdiction. Following dismissal by the Bankruptcy Court, Plaintiff instituted action in this Court to resolve the dispute.

Defendant has now filed a motion to dismiss Plaintiff's complaint for failure to join an indispensable party, namely Marco. Defendant contends that Marco is an indispensable party to the action because:

1. Marco's property is the subject of the dispute; and

2. Defendant will be subject to a substantial risk of incurring double or inconsistent obligations should the Trustee for Marco bring an action against Defendant for improperly obtaining its property prior to or during its bankruptcy proceeding.

## ANALYSIS UNDER RULE 19

Rule 19 of the Federal Rules of Civil Procedure governs joinder of persons needed for adjudication. Joinder pursuant to Rule 19 involves a two-step inquiry. 3A J.W. Moore & J.D. Lucas, Moore's Federal Practice 19.07–1[0] at 19–90 (2d ed. 1985).

■ Step one is to determine whether Marco is a person to be joined, if feasible, under Rule 19(a), which states:

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

Rule 19(a) does not apply in this case because both Plaintiff and Defendant agree that it is not feasible to join Marco as a party. Marco is not subject to service of process because the automatic stay of 11 U.S.C. § 362 currently bars Marco from being joined as a party.

Even assuming that Marco was subject to service of process, Rule 19(a) only applies when complete relief cannot be accorded among those already parties, or the party claims an interest relating to the subject of the action. In this case, com-

plete relief is available among those already parties because the Plaintiff only requests relief regarding Defendant, not Marco. Also, Marco does not claim an interest in outcome of this action or the property that is the subject of this action. In fact, when this dispute appeared before the Bankruptcy Court, Marco filed an answer disclaiming any interest in the outcome of the litigation.

■ Since Rule 19(a) does not apply, the second step is for the Court to determine whether Marco is indispensable under Rule 19(b), which states:

> (b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping or relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Thus, under Rule 19(b) the Court must consider four factors to determine whether Marco is an indispensable party.

First, a judgment rendered in Marco's absence will not prejudice Marco, Plaintiff, or Defendant. Marco will not be prejudiced since, in the bankruptcy proceeding, Marco disclaimed any interest in the property that is the subject of this action. Additionally, this action is a dispute between two secured creditors and Plaintiff seeks no relief against Marco.

Also, Defendant will not be prejudiced by adjudication of this suit without Marco. Defendant contends that it will be prejudiced without joinder of Marco because there is a substantial risk that the Trustee for Marco would bring a separate action against Defendant, which could subject Defendant to double or inconsistent obligations. However, there is not a "substantial" risk of a separate action since Marco specifically disclaimed any interest in the outcome of the dispute when it was before the Bankruptcy Court. *See e.g. Morgan Guaranty Trust Co. v. Martin,* 466 F.2d 593, 598 (7th Cir.1972) (holding that a second suit was unlikely in light of an affidavit executed by the alleged indispensable parties disclaiming any interest in the first suit). Furthermore, the Court should analyze the factors under Rule 19(b) "pragmatically" when choosing between proceeding with the action without the absent party or dismissing the action. *See Tick v. Cohen,* 787 F.2d 1490, 1494 (11th Cir.1986). Realistically, the chances of a second suit are unlikely in light of Marco's disclaimer.

Second, any possible prejudice may be eliminated by notifying the trustee in bankruptcy of the present action. Thus, this Court finds that a copy of the complaint should be provided to the trustee in bankruptcy, who can then elect to intervene in the litigation if desired.

Third, a judgment rendered in Marco's absence will adequately determine the parties' rights. As previously stated, this is an action to determine priority between two creditors. Because this determination does not involve Marco, Marco's joinder is not needed for this Court to render a adequate judgment which establishes the creditors' priorities.

Fourth, Plaintiff may not have an adequate remedy if the action is dismissed for nonjoinder. Plaintiff already attempted to resolve this dispute in Bankruptcy Court; however, the Court dismissed the action for lack of jurisdiction.

In sum, the four factors of Rule 19(b) weigh in favor of a finding that Marco is not an indispensable party. Thus, this Court finds that the action should proceed without Marco.

ORDERED that Defendant's Motion to Dismiss for Failure to Join Indispensable Parties is DENIED.

DONE AND ORDERED.