Ellen Swartz GODFREY and Diane Swartz Williams, Beneficiaries of the William Swartz Trust, Plaintiffs,

v.

Chester T. KAMIN, Herbert B. Olfson, Jenner & Block, an Illinois partnership, and Robert Swartz, Defendants.

No. 99 C 3230.

United States District Court, N.D. Illinois, Eastern Division.

June 29, 2000.

David H. Latham, Attorney at Law, Jill L. Jennings, Law Offices of David H. Latham, Chicago, IL, for plaintiffs.

Terry M. Grimm, Timothy Joseph Rivelli, Susan W. Drewke, Rachel Maris Jänutis, Anne Davis Cartwright, Rachel Marie Cannon, Winston & Strawn, Edna Selan Epstein, Law Offices of Edna Selan Epstein, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiffs Ellen Swartz Godfrey ("Godfrey") and Diane Swartz Williams ("Williams") have filed a four-count amended complaint against Defendants Chester T. Kamin ("Kamin"), Herbert B. Olfson ("Olfson"), the law firm of Jenner & Block ("Jenner"), and Robert Swartz, plaintiffs' brother, alleging breach of fiduciary duty for failing to provide trust accountings (Count I), for making improper investments (Count II) and improper loans (Count III), and for engaging in improper transactions (Count IV).

Defendants have filed a motion pursuant to Fed.R.Civ.P. 19 and 12(b)(6) to join Mary Swartz (plaintiffs' and Robert Swartz's mother) as a necessary party, or to dismiss the case for failure to join an indispensible party.

### FACTS

Plaintiffs are contingent remainder beneficiaries of the estate of their late father, William Swartz. William Swartz appointed defendant Olfson co-executor of his estate and appointed defendant Kamin co-trustee of the William Swartz Marital Trust ("the trust"). Olfson served as a trustee from on or about November 11, 1987 until March 9, 1992, at which point Kamin became a trustee until his resignation on July 9, 1997. Robert Swartz was at all relevant times a co-trustee, and was added as a defendant by the court on the other defendants' motion. *Godfrey v. Kamin*, 1999 WL 756151 (N.D.Ill. Sept. 13, 1999).

Plaintiffs allege that defendants breached their fiduciary duties to plaintiffs in a number of ways. In Count II, plaintiffs allege that defendants mismanaged the trust by failing to diversify trust investments. According to plaintiffs, defendants violated their state law duty to diversify by investing in bonds rather than higher-yield stocks. In Count III, plaintiffs allege that defendants violated various fiduciary duties in the course of recommending that the estate loan money to the Embosograph Companies, family companies which Robert Swartz ran after William Swartz' death. Plaintiffs allege that the estate's and the trust's assets were depleted as a result of these breaches of duty.

In Count IV, plaintiffs allege that defendants violated various fiduciary duties in the

course of recommending that the estate reduce the Mark Williams Company's indebtedness to the Embosograph Companies. At the time of William Swartz's death, the Mark Williams Company was owned and controlled by defendant Robert Swartz. According to plaintiffs, defendants withheld crucial information from plaintiffs in relation to the Mark Williams Company's indebtedness. As a result of defendants' allegedly obfuscatory recommendations, plaintiffs consented to the estate reducing the indebtedness of the Mark Williams Company from $1,897,355 to $200,000. The assets of the Mark Williams Company were eventually foreclosed upon, and the money owed the trust was never collected.

Mary Swartz is the sole life beneficiary of the trust. Under the trust, she is entitled to all of the income and as much principal as she needs for her support and medical care until her death.

## DISCUSSION

Defendants argue that Mary Swartz should either be joined as a plaintiff or as a defendant.[1] Diversity is the sole basis for federal jurisdiction over the instant case. 28 U.S.C. § 1332. Plaintiff Godfrey is a citizen of Canada, while plaintiff Williams is a citizen of New York. Defendants are citizens of Illinois, and Mary Swartz is also a citizen of Illinois. Joining Mary Swartz as a plaintiff would therefore destroy diversity, while joining her as a defendant would not.

The question whether Mary Swartz should be joined as a party is governed by Fed. R.Civ.P. 19(a), which governs joinder of necessary parties. Under Rule 19(a), an absent party is necessary when either: "(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the

1. Mary Swartz has filed a response in which she disclaims any interest in becoming a plaintiff or defendant in this case.

2. The court may look to the status of beneficiaries under state law to analyze the question of whether joinder is appropriate under federal law.

subject of the action and is so situated that the disposition of the action in the person's absence may: ... (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations...."

## I. Motion to Join Mary Swartz as a Plaintiff

To determine whether Mary Swartz should be joined as a plaintiff, the court must first decide whether Mary Swartz is a party to be joined if feasible under Rule 19(a). If Mary Swartz is a necessary plaintiff under Rule 19(a), the court must examine the four factors set forth in Rule 19(b), because joining her as a plaintiff would destroy diversity and deprive the court of jurisdiction. *Moore v. Ashland Oil, Inc.,* 901 F.2d 1445, 1447 (7th Cir.1990).

Defendants argue that because Mary Swartz is the sole income beneficiary of the trust, she necessarily "claims an interest" in the instant litigation as a plaintiff, and complete relief cannot be accorded among the current parties in her absence. Defendants also argue that resolution of the instant case without Mary Swartz could impair her ability to protect her interest in the trust. Finally, defendants argue that unless Mary Swartz is joined as a plaintiff, they may be subjected to multiple and possibly inconsistent obligations.

Defendants contend that both Illinois and federal law mandate joining Mary Swartz as a necessary party to the instant suit. Defendants are correct that under Illinois law, "it is a general rule that beneficiaries of a trust are necessary parties to an action brought to foreclose their interests...." *Village of Lansing v. Sundstrom,* 379 Ill. 121, 39 N.E.2d 987, 989 (1942).[2] The instant lawsuit, however, is not an action

*See Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 125 n. 22, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968) ("[I]n a diversity case the question of joinder is one of federal law. To be sure, state-law questions may arise in determining what interest the outsider actually has, but the ultimate question whether, given those state-

brought to foreclose the interests of the trust beneficiaries, and will neither affect trust assets nor replace current trustees.

All of the applicable federal cases defendants cite in support of the proposition that a beneficiary is a necessary party under Rule 19 involve beneficiaries suing current trustees and seeking relief that would somehow affect the trust.[3] In *Tick v. Cohen*, 787 F.2d 1490 (11th Cir.1986), the court held that the absent beneficiaries were necessary and indispensable parties to a suit brought by other beneficiaries seeking to remove trustees and restore trust assets. The court reasoned that, "[i]n the event that the [plaintiffs] succeed on the merits, it is likely that the trust will be affected," and held, *"in light of the relief requested,* we find it difficult to envision any meaningful judgment which will not affect the absent beneficiaries['] interests." *Id.* at 1494, 1495 (emphasis added). In *Walsh v. Centeio*, 692 F.2d 1239 (9th Cir. 1982), the Ninth Circuit affirmed the district court's holding that the absent beneficiaries were indispensible parties because "[f]ailure to join them makes it impossible to grant total relief in this matter *in terms of removing these trustees and appointing new ones."* *Id.* at 1241 (emphasis added). And in *Stevens v. Loomis*, 334 F.2d 775 (1st Cir.1964), the First Circuit held that an income beneficiary was an indispensible party to a suit brought by the other income beneficiary against the trustees for breach of fiduciary duty, reasoning: "Only incomplete and unsatisfactory relief could be afforded in a suit, *the purpose of which was to charge the trustees to augment the corpus of the trust,* in which but one income beneficiary was represented." *Id.* at 778 (emphasis added).

In a similar vein, the Seventh Circuit has held under Rule 19(a) that trust beneficiaries should be joined to a suit seeking a declaration that the trust be terminated, explaining: "A judgment in favor of termination would not only impair [the beneficiaries'] ability to protect [their] interest, but might actually operate to terminate their interest." *Hansen v. Peoples Bank of Bloomington*, 594 F.2d 1149, 1150 (7th Cir.1979); *see also Tankersley v. Albright*, 514 F.2d 956, 965 (7th Cir.1975) (holding that trust beneficiaries were necessary parties to a suit seeking to have the trust declared invalid, because "a full resolution of the trust's validity would intimately involve the rights of all beneficiaries of the trust").

Unlike the plaintiffs in the cases discussed above, plaintiffs in the instant case are not suing current trustees, and are not seeking any relief that will affect Mary Swartz's interest in the trust. Plaintiffs "are only seeking damages that they allegedly suffered as a result of defendant[s'] negligent conduct. They are not seeking to alter the trust in any way that potentially would damage the [absent] beneficiary's interest in the trust." *Condon v. Bank of California, N.A.*, 92 Or. App. 691, 759 P.2d 1137, 1139 (1988) (holding that an absent beneficiary was not a necessary party under a state statute identical to Rule 19(a)). Specifically, plaintiffs are not seeking to remove trustees, as in *Tick* and *Walsh*, restore trust assets, as in *Tick* and *Stevens*, or have a trust terminated or invalidated, as in *Hansen* and *Tankersley.*[4] Plaintiffs are not requesting any relief that will augment or deplete the trust, but are instead suing to recover compensatory damages from

---

defined interests, a federal court may proceed without the outsider is a federal matter.") (internal citations omitted).

**3.** Although defendants rely heavily on *Norberg v. Amcore Bank, N.A.*, 1990 WL 41088 (N.D.Ill. Apr. 3, 1990), which held that absent income beneficiaries were indispensible parties who should be joined to a suit brought by the remainder beneficiaries against the current trustees, the judge in that case did not discuss the facts upon which the plaintiffs were suing, and did not pursue a Rule 19(a) analysis. Instead, the court jumped directly to an analysis under Rule 19(b). The holding in *Norberg* therefore applies only to ques-

tions that arise under Rule 19(b), and *is not* relevant to this court's analysis of whether joinder is feasible under Rule 19(a).

**4.** Even if plaintiffs were seeking relief that would affect the trust, Mary Swartz would not automatically be a necessary party. *See, e.g., Wesson v. Crain*, 165 F.2d 6, 9 (8th Cir.1948) (refusing to force absent beneficiaries to join plaintiff beneficiaries' suit to remove a trustee); *Rippey v. Denver U.S. Nat. Bank*, 260 F.Supp. 704, 711 (D.Colo.1966) (holding that absent beneficiaries were not necessary parties to a suit in which plaintiff beneficiaries sought relief that would "increase the corpus of the trust," because "the

former trustees for not administering the trust in a way that benefitted them and for withholding material information from them.[5] Given plaintiffs' specific allegations and requested relief, Mary is not a necessary party to the instant lawsuit simply because she is a beneficiary.

As this court explained in *Promatek Industries, Ltd. v. Equitrac Corp.*, 185 F.R.D. 520 (N.D.Ill.1999), unless defendants can establish that the absent party claims an interest in the litigation, defendants cannot establish that they may incur "inconsistent obligations by reason of the claimed interest" under Rule 19(a)(2)(ii). Defendants have not demonstrated that Mary Swartz "claims an interest" in the instant lawsuit. Mary Swartz has declined defendants' offer that she voluntarily join the suit as a plaintiff. Defendants themselves insist that Mary Swartz's interests with respect to the trust are different from plaintiffs' interests because she is an income beneficiary, citing *In re Trigger's Estate*, 66 Misc.2d 110, 319 N.Y.S.2d 792, 793 (N.Y.Sur.1971) ("One who is presently interested in the income of a trust and has also expectant interests in principal does not have 'the same interest' as one who has no interest whatever in income but only in the principal.") (interpreting a New York state statute). Defendants' acknowledgment that Mary Swartz's interests in the trust are not exactly aligned with plaintiffs' bolsters the conclusion that she does not claim an interest in the instant lawsuit.

In truth, Mary Swartz does not appear to "claim an interest" in any of the counts in the amended complaint. The fact that Mary Swartz signed a waiver of her right to an accounting may explain why she has not joined plaintiffs in suing defendants on Count I. By arguing that defendants' challenged investment strategy created more income than an alternative investment strategy, defendants concede that Mary Swartz's interests diverge from plaintiffs' with respect to Count II. And defendants have no evidence to suggest that Mary Swartz claims an interest in Counts III and IV.

Were plaintiffs claiming in Counts III and IV that defendants breached their fiduciary duties by making unwise loans, and therefore depleting the trust, the court might find that Mary Swartz necessarily "claims an interest" in these counts. If the court were to decide in plaintiffs' favor on such an argument, all beneficiaries might be entitled to recover damages. But plaintiffs instead claim in Counts III and IV that defendants breached their duties by extending certain loans without full disclosure *to plaintiffs* of the circumstances surrounding those loans. Defendants do not suggest or attempt to demonstrate that they likewise withheld material information from Mary Swartz. In fact, the evidence defendants submit suggests the opposite, because it implies that Mary Swartz may have been more involved in some of the events recited in Count III and IV than were plaintiffs. For the foregoing reasons, the court concludes Mary Swartz does not claim an interest in the instant lawsuit under Rule 19(a)(2).

In support of their argument that complete relief cannot be accorded among the parties unless Mary Swartz's is joined as a plaintiff, defendants simply argue that plaintiffs have sued defendants for an accounting, and that defendants have a duty only to

---

absent beneficiaries stand to gain if the named plaintiffs succeed").

5. Defendants argue that the instant lawsuit may deplete trust assets because if defendants win, they may be able to recover attorneys' fees from the trust. Defendants cite *Patterson v. Northern Trust Co.*, 286 Ill. 564, 122 N.E. 55 (1919), for this proposition. The *Patterson* court explicitly held, however: "Where a beneficiary brings a suit against his trustee which is groundless, the solicitor's fees and expenses of the trustee in defending the charge are to be paid out of the share of the complainant in the trust estate, and not charged against the estate generally nor a general fund by which cobeneficiaries would have to contribute." *Id.*, 122 N.E. at 56; *see also Hamilton v. Nielsen*, 678 F.2d 709, 714 (7th Cir.1982) (discussing *Patterson*). If defendants were to win the instant lawsuit, and if the *Patterson* elements were met, defendants may be entitled to recover from plaintiffs only, not from Mary Swartz or from the trust generally.

provide an accounting to income beneficiaries. Defendants' argument that plaintiffs do not have standing to sue for an accounting, while Mary Swartz does, does not militate in favor of joining Mary Swartz and forcing her to sue for an accounting. This argument simply suggests that Count I may be dismissed. If defendants demonstrate, by an appropriate motion, that Mary Swartz is the only person who has standing to sue for an accounting, Count I will be dismissed without any consequence to Mary Swartz. The court concludes pursuant to Rule 19(a)(1) that complete relief can be accorded among the parties in Mary Swartz's absence.

Because Mary Swartz is not a necessary plaintiff under either prong of Rule 19(a), the court does not reach the four-factor test under Rule 19(b) to determine whether she is an indispensable party who must be joined. Under the plain language of Rule 19(b), an indispensable party is "a person as described in subdivision (a)(1)–(2) hereof [who] cannot be made a party." Defendants' motion to join Mary Swartz as a plaintiff and dismiss the instant case for lack of jurisdiction is therefore denied.

## II. Motion to Join Mary Swartz as a Defendant

■ Defendants argue in the alternative that Mary Swartz is a necessary defendant because she may be liable for the various breaches of fiduciary duty alleged. Under Illinois law, "a third person who has colluded with a fiduciary in committing a breach of duty, and who obtained a benefit therefrom, is under a duty of restitution to the beneficiary." *Chicago Park Dist. v. Kenroy, Inc.*, 78 Ill.2d 555, 37 Ill.Dec. 291, 402 N.E.2d 181, 186 (1980) (citations omitted). If Mary Swartz is jointly liable for the alleged breaches, defendants' argue, and plaintiffs win the instant suit, defendants may be entitled to bring suit against Mary Swartz to recover a portion of this judgment. Defendants contend, therefore, that complete relief cannot be accorded among those already parties unless Mary Swartz is joined as a defendant.

The court finds that given plaintiffs' allegations and the relief they request, Mary Swartz cannot be liable under the instant complaint. Count III alleges that defendants Olfson and Jenner breached their fiduciary duty by failing to inform plaintiffs about certain circumstances surrounding the loans to the Embosograph Companies, including the fact that these defendants represented the trust, the Companies, and Robert Swartz, who ran the Companies. Plaintiffs contend that defendants labored under a conflict of interest at the time they recommended the loans, and allege that these loans depleted trust assets. Defendants argue that Mary Swartz may be liable for the alleged breaches of duty because she consented to these loans. But plaintiffs signed the same form consenting to the loans to the Embosograph Companies. Plaintiffs do not allege that defendants breached their fiduciary duties by extending the loans; rather, they allege that defendants breached their duties by failing to give plaintiffs full information about the circumstances surrounding the loans. Defendants do not suggest that Mary Swartz colluded in withholding information from them. Accordingly, Mary Swartz cannot be found liable to plaintiffs under Count III.

Similarly, defendants do not identify any way in which Mary Swartz could be found liable to plaintiffs under Count IV. Count IV alleges that defendants Olfson and Jenner breached their fiduciary duty in regard to a loan to the Mark Williams Company by not informing plaintiffs that they had a conflict of interest, by failing to obtain security on the loan, and by failing to collect on the $200,000 promissory note on the day it became due. Defendants do not suggest or demonstrate that Mary Swartz was involved in any of these activities. Their evidence that Mary Swartz consented to reducing the Mark Williams' Company's indebtedness to the estate is not relevant to the various breaches of duty plaintiffs allege in Count IV.

The only count under which defendants may incur multiple obligations if Mary Swartz is not joined as a defendant is Count II. Defendants contend that Mary Swartz

benefitted from any allegedly improper investments because she received approximately $1 million in income payments over a ten year period as a result of these investments. Although defendants do not identify any evidence that Mary Swartz "colluded" with them, they do present evidence that suggests that Mary Swartz participated in the development of the trust investment strategy. Accordingly, Mary Swartz may be jointly liable with defendants for the wrongdoings alleged in Count II.

If defendants believe that they have a contribution claim against Mary Swartz for the allegations in Count II, the proper way for them to avoid multiple obligations is not to join Mary Swartz as a defendant, but rather to request leave of court to bring a third party complaint for contribution against her pursuant to Fed.R.Civ.P. 14. If defendants pursue such a claim, Mary Swartz, as a third-party defendant, may assert any relevant claims or defenses against plaintiffs, thereby protecting her interests to the degree that they are affected by the instant case.

## CONCLUSION

Because Mary Swartz is not a necessary party to the instant case, and because defendants could address all of their concerns simply by bringing in Mary Swartz as a third party defendant, defendants' motion to join Mary Swartz as a defendant or, in the alternative, to join her as a plaintiff and dismiss the case, is denied.